VANNERSON v. LEVERETT.

(Circuit Court, S. D. Georgia, W. D.  1887.)

1. UNITED STATES CIRCUIT COURT—CONTROVERSY OF DEFENDANTS INTER SESE.
    Where citizens of Georgia, who are partners, are both sued in equity in the courts of the United States, one of them cannot, by cross-bill against the other, litigate their disputes inter sese.

2. SAME—JURISDICTION.
    The jurisdiction of this court is limited, and where it does not obtain it is an inflexible rule that it cannot be exercised.

3. SAME—OBJECTION TO JURISDICTION.
    In the courts of the United States it is never too late to consider the question of jurisdiction, and, if at any time the want of jurisdiction should appear, it is the duty of the court to arrest the proceeding.

(Syllabus by the Court.)

Creditors' Bill.   Cross-Bill.   Jurisdiction.
Hill & Harris, for plaintiff.
Bacon & Rutherford, for defendant.

SPEER, J.  This is a controversy wherein a creditors' bill had been filed against the defendants, Vannerson and Leverett; Vannerson having

filed a cross-bill against his co-defendant, Leverett, seeking to obtain relief in a certain alleged indebtedness which existed *inter sese.* Leverett has filed his plea to the jurisdiction of the United States courts, averring that both he and Vannerson are citizens of Georgia. Vannerson demurs to the plea on two grounds: *First,* that the question of jurisdiction of the court has been adjudicated adversely to the defendant Leverett on a demurrer to the cross-bill at a previous term of this court; *secondly,* that the bill filed by Bates, Reed & Cooley was a creditors' bill, and that the jurisdiction of the court with such a bill does not depend upon the citizenship of the parties. It appeared in the argument that Bates, Reed & Cooley have dismissed the original bill, but, in the opinion of the court, this need not necessarily be considered. If it be true that Vannerson and Leverett are both citizens of Georgia, the one can have in this court no relief against the other in a cross-bill filed to an original bill against them both, which he could not have obtained by original bill here. In other words, the fact that they are both sued in one bill here does not confer any power on them to litigate their controversies *inter sese* in this court. Most clearly, if the plea is true, Vannerson had no standing in this court as a suitor by original bill. He prays no relief against Bates, Reed & Cooley. His cross-bill has no relation to the subject-matter of their suit, nor is this cross-bill in any sense a reply to allegations of the original bill. The circuit court of the United States is limited in its jurisdiction, and, when it does not obtain, it is an inflexible rule that the judicial power of the United States must not be exerted, even if both parties desire to have it exerted. *Railroad Co.* v. *Swan,* 111 U. S. 379, 4 Sup. Ct. Rep. 510; *Cross* v. *De Valle,* 1 Wall. 5. Nor does it matter that this court, on hearing a demurrer to the cross-bill at a previous term, may have expressed the opinion that the bill contained such allegations of the citizenship of the parties as would retain the jurisdiction here. The defense is now set up by plea, and if the defendant can bring facts in support of his plea to the attention of the chancellor he may do so. He may contradict the averments of the bill. A judgment of a court without jurisdiction is a nullity, and where the failure of the jurisdiction is alleged in the courts of the United States it is never too late for the court to consider the evidence pertinent thereto. Indeed, congress, by imperative statute, has made this obligatory. If at any time the want of jurisdiction should appear, it is the duty of the court to dismiss the case. Then surely "at any time" it is the privilege of the party to make it appear, if he can; nor in this case does it waive the absence of jurisdiction to file an answer.

The limited jurisdiction of the courts of the United States cannot be enlarged by the action of the parties litigant therein, and, if the want of jurisdiction at any time appears, the court, *sua sponte,* will raise the question, whether the parties do or do not. The argument that the original bill was a creditors', does not and cannot enlarge the jurisdiction of a court so limited, nor does the argument *ab inconveniente,* of the solicitor for the complainant, have any place in such a court. The true practice in the courts of the United States, if we may add to the classical citations of

complainant's solicitor a saying of Lord MANSFIELD, "*boni judicis est ampliari justitiam*," not "*jurisdictionem*," as has been often cited.

The demurrer is overruled.