CLYDE et al. v. RICHMOND & D. R. CO. (HISSONG, Intervener).

CENTRAL TRUST CO. v. SAME.

(Circuit Court, N. D. Georgia. September 20, 1894.)

1. RAILROAD FORECLOSURE—ANCILLARY SUITS—DUTY OF COURT.

Suit was brought in the United States circuit court in Virginia for the foreclosure of a mortgage upon a railroad belonging to a Virginia corporation, and ancillary suits were brought in the circuit courts in several other states through which the road ran, including Alabama and Georgia, and the same receivers were appointed in all the suits, and took possession of the railroad property. H., a resident of Alabama, who held a judgment against the railroad company for $1,000, obtained in that state before the commencement of the foreclosure proceedings, filed an intervening petition in the ancillary suit pending in Georgia, asking for judgment against the railroad company upon his Alabama judgment. *Held* that, the duty of each court, where ancillary proceedings are pending, being only to consider and dispose of rights and liens peculiar to its jurisdiction, and to the property particularly within its charge, the circuit court in Georgia would not undertake to pass upon the claim of H., which arose in another jurisdiction, and was a lien only upon the property within that jurisdiction.

2. JURISDICTION OF UNITED STATES COURT—INTERVENING PETITION.

*Held*, further, that the circuit court had no jurisdiction, upon an intervening petition in a foreclosure suit, to render a general judgment which it would be without jurisdiction to render, in an independent suit, both because of the smallness of the amount in controversy and the residence of the parties.

These were two suits by William P. Clyde and others and the Central Trust Company, respectively, against the Richmond & Danville Railroad Company for the foreclosure of mortgages. John S. Hissong filed an intervening petition praying for judgment upon a judgment obtained by him against the defendant in Alabama. The petition was referred to a master, who filed his report granting the prayer. The defendant excepts to the master's report.

C. T. Ladson, for intervener.

Jackson & Leftwich, for defendant.

NEWMAN, District Judge. The intervention of John S. Hissong in the above-stated case was filed on May 14, 1894, in the clerk's office of this court, and on the same day the intervention was allowed, and referred to W. D. Ellis, Esq., special master, to determine all questions of law and fact therein, and report to the court. This intervention is filed both in the case of the Central Trust Company of New York against the Richmond & Danville Railroad Company, and in the case of Clyde et al. v. The Richmond & Danville Railroad Company. In the first-named case, the bill is brought by William P. Clyde and others on behalf of themselves and other creditors and stockholders, and on this bill, in June, 1892, F. W. Huidekoper and Reuben Foster were appointed receivers. On the 29th day of July, under a bill filed by the Central Trust Company of New York against the Richmond & Danville Railroad Company, Samuel Spencer, F. W. Huidekoper, and Reuben Foster were appointed receivers. This bill of the Central Trust Company was brought for the purpose of foreclosing a mortgage against the defendant corporation. The order appointing Spencer, Huidekoper, and Foster receivers under the Central Trust Company bill provided that Huidekoper and Foster, receivers under the Clyde bill, should, on the 1st day of August, 1893, turn over to the three receivers appointed under the Central Trust Company bill all the property of the Richmond & Danville Railroad Company in their possession and under their control. On the 20th day of July, 1893, Spencer, Huidekoper, and Foster were, under a bill filed by the Central Trust Company of New York against the Georgia Pacific Railway Company, appointed receivers of all the property and assets of that company, so that after that date the property of the Georgia Pacific Railway Company, which had been, prior to the receivership, operated by the Richmond & Danville Railroad Company, was controlled by the same receivers under a separate bill against the Georgia Pacific Railway Company which was filed originally in the circuit court for this district. The intervening petition shows that John S. Hissong, who is a citizen of the state of Alabama, obtained a judgment in the circuit court of Jefferson county, Ala., on the 20th day of April, 1891, against the Richmond & Danville Railroad Company for the sum of $1,000, for which he prays judgment as an intervening petitioner in the case named against the Richmond & Danville Railroad Company. The petition was referred formally, and in connection with a number of other petitions, to the special master, as stated, without considera-

tion of the merits of the same, as no demurrer or objection was interposed prior to the reference. Before the special master, the Richmond & Danville Railroad Company put in a special appearance by counsel, and objected to the jurisdiction of this court and the special master, on the ground that this court had no jurisdiction to enter judgment against the Richmond & Danville Railroad Company without a formal suit on a foreign judgment and due service of process, and upon the further ground that no lien is sought against the trust assets of the defendant in the hands of the court. Upon the presentation of an exemplification of the record in the Alabama court to the special master he found that the same was in due form, and that the intervener was entitled to have judgment against the defendant in his favor, with interest thereon at 7 per cent, per annum from the 22d day of September, 1891, to the date of his finding, for the sum of $1,000. On the filing of the report of the special master, counsel for the Richmond & Danville Railroad Company, again specially appearing, renewed the objections urged before the special master, and upon that ground excepted to the report of the special master.

The question raised is somewhat novel and peculiar. The original bill in this case of Clyde and others against the Richmond & Danville Railroad Company was filed in the circuit court for the Eastern district of Virginia, and ancillary bills, or what were called "original bills,"—but were bills in aid of the first suit in Virginia,—were filed in the circuit courts of the various states through which the line of the Richmond & Danville Railroad Company ran, which were North Carolina, South Carolina, Georgia, Alabama, and Mississippi. The primary litigation as to the Richmond & Danville Railroad Company, however, is all in Virginia. The bill filed in this district, while it was called, as stated, an "original bill," was really subordinate to the Virginia proceeding. It was filed here for the purpose of obtaining the aid of this court in preserving the assets of the defendant corporation so far as the same were in the jurisdiction of this court; and while this court has not questioned its right to pass upon and determine the rights of creditors here, claiming an interest in or asserting a lien against the property of the corporation in this district, it has not gone further than that. The petitioner, Hissong, obtained a judgment in the state courts of Alabama prior to the time that the property was placed, by order of the circuit court of Virginia and the other circuit courts, in the hands of receivers. The lien of his judgment was confined to property in the state of Alabama. A bill of the same character as the one filed in this district, as has been stated, was filed in Alabama, and no reason appears why petitioner could not as well present his claim of the right to share in the assets of the Richmond & Danville Railroad Company to the circuit court in Alabama as to the circuit court here. Some reason might exist for his taking his claim to the circuit court of Virginia to assert his right to participate in the property where the principal assets of the defendant are being administered, but it is difficult to see by

what right he can take his claim from one ancillary jurisdiction to another ancillary jurisdiction for the purpose of having his rights determined. If this be true, then a very peculiar and a very unsatisfactory condition of things will exist. A North Carolina judgment creditor could go to Mississippi, or a South Carolina judgment creditor could go to Alabama, and so on from one to another of the various states in which these ancillary proceedings are pending. The duty of each court, where the various proceedings are pending other than in Virginia, would seem to be to consider and dispose of right and lien peculiar to its jurisdiction, and as to or connected with the property within its peculiar control. Where a continuous line of railway runs through several districts, and the court in each district in appropriate proceedings recognizes the same receivers for the railway, neither court, with the proper regard for the comity of courts, will go beyond its own jurisdiction, and interfere with the management of the property in another jurisdiction. Nor will any one court undertake to pass upon the claim of those whose rights and lien would seem to be dependent upon and peculiar to another jurisdiction.

But there is another objection to this proceeding and the prayer of this petition, which seems to be fatal. The petitioner asks for a judgment against the Richmond & Danville Railroad Company. To be effectual for any purpose, it must amount to a general Georgia judgment against the defendant corporation, and such, I understand, it is claimed to be, if the report of the special master is confirmed. The assets of the Richmond & Danville Railroad Company within this jurisdiction have been in the hands of this court, under the character of proceedings named, for some time; that is, in the hands of receivers of the court, for the benefit of those interested therein. At the time of the sequestration of this property by the courts of the various states before mentioned the petitioner had a good Alabama judgment, with such lien and rank as it might give him against the property of the Richmond & Danville Railroad Company. Now he comes into this court, and asks by his petition, not that his rights by virtue of his judgment lien may be ascertained and determined as against the property of the defendant in the hands of the courts, but he asks for a judgment against the defendant,—a new judgment, which, as stated, is claimed to be, and will be, if anything, a general judgment. The defendant is a Virginia corporation, the petitioner a citizen of Alabama. Neither the defendant nor the petitioner resides in this state, so that no suit could be brought originally in this court between the parties, even if the necessary jurisdictional amount was involved; and it is not. So that the court in an original proceeding would have jurisdiction neither of the parties nor of the subject-matter. Expressing it differently, the petitioner comes into court by intervention, in a proceeding to administer such assets in accordance with the rights of these interested therein, and under cover of this intervening petition obtains a general judgment in a court which could have no jurisdiction of the case otherwise. The rule well established in practice,

and recognized by the supreme court in Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, and other cases, is that ancillary proceedings and original dependent bills as well as interventions will be entertained, notwithstanding the necessary diverse citizenship does not exist, provided the subject-matter of the ancillary proceeding or intervention is so connected with the original proceeding of which the court has acquired jurisdiction as to make it proper and necessary for the determination of the rights of the parties to do so. This does not affect the case as presented here, however. It is controlled on other grounds.

Necessarily, the purpose and scope of the intervening petitions in receivership cases are the ascertainment and adjudication of rights connected with the property in the hands of the court. Such interventions may come in various shapes, but they look to the one result. Numerous petitions by way of intervention have been allowed in this cause where the claims were against the defendant corporation. These petitions have all gone, as a rule, to the special master appointed in this case. Suits for damages have been, by consent usually, so referred, and the special master directed to hear evidence, and report the amount which the petitioner was entitled to recover, if anything. All these interventions, however, had the one ultimate object of participating in the distribution of the property of the defendant corporation, if a sufficient amount should be realized to justify such participation; and for that purpose, if the claim is unliquidated, it would be necessary, of course, to ascertain its amount. The character of this petition, however, is different from any presented, so far as the attention of the court has been specially called to them. The petitioner elected his forum for suit originally in the state court of Alabama, and obtained his judgment. As to his right to participate in the assets of the defendant in the hands of the court by coming into this equity cause, he must be content to abide by the lien of that judgment, and such rights as he may have by virtue thereof. This, of course, interferes in no way with his right to bring suit against the defendant in a court of competent jurisdiction on his judgment, and to have such rights as that judgment will give him determined; but he is not entitled to do this by intervention in the equity cause in this jurisdiction. Of course, a case might exist where property on which a creditor had a judgment lien had been removed from the jurisdiction in which his lien had attached into another jurisdiction, and it would be necessary for him to follow it up for the purpose of having his rights enforced; but no such case as that is made, or even intimated, here. The proceeding is manifestly wrong, and the report of the special master allowing the intervener judgment against the Richmond & Danville Railroad Company is clearly erroneous. This conclusion is reached upon both grounds which have been discussed. In the first place, the petitioner has sought the wrong jurisdiction. He should have either remained in Alabama, and presented his claim to the circuit court of that state, or, if he left that district, he should have gone to the court of primary jurisdiction in this case, namely, the circuit

court of Virginia. Any other course than this would lead to the most inextricable confusion in the disposition of cases of this sort. In the next place the petitioner has received at the hands of the special master a general judgment against defendant, which he could not in any way obtain in the circuit court here. Because the court holds in its hands the assets of a Virginia corporation is no reason why it should entertain an original suit against that corporation by a citizen of Alabama seeking a general judgment against it. The exceptions to report of the special master will be sustained, and the intervening petition dismissed.