FEDERAL MINING & SMELTING CO. v. BUNKER HILL & SULLIVAN MINING & CONCENTRATING CO.

(Circuit Court, D. Idaho, N. D. December 21, 1909.)

No. 424.

1. COURTS (§ 310*)—NECESSARY PARTIES.
   The rule that all persons interested in a suit in equity in a federal court having jurisdiction on the ground of diversity of citizenship must be made parties does not apply, where the bringing in of a dispensable party will oust the jurisdiction of the court.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 857; Dec. Dig. § 310.*]

2. COURTS (§ 317*)—PARTIES—NECESSARY PARTIES.
   A federal court, in determining whether the requisite diversity of citizenship to give it jurisdiction exists, must align the parties on one side or the other according to their real interests.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 317.*]

3. COURTS (§ 308*)—FEDERAL COURTS—JURISDICTION—CITIZENSHIP OF PARTIES.
   The Federal Mining Company, a Delaware corporation, the Bunker Hill Company, and the January Company, both Oregon corporations, each owned a mining claim, and all three claims conflicted. The Federal Company sued the Bunker Hill Company in the United States court to quiet title and for an accounting for ores taken from the overlaps, and the January Company had a similar suit against the Bunker Hill Company in the state court. The Bunker Hill Company moved to make the January Company a party in the suit in the United States court, which was resisted on the ground that, because of the ownership of the entire January stock by the Federal Company, it could not be a defendant, but must be a plaintiff, which would destroy the jurisdiction of the court by having an Oregon citizen on both sides of the case. *Held*, that the

January Company could be made a defendant, since its claim was adverse to the Federal Company, though the relation between the two companies was not hostile.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 855, 856; Dec. Dig. § 308.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

4. COURTS (§ 264*)—FEDERAL COURTS—JURISDICTION—CITIZENSHIP OF PARTIES—CROSS-BILL.

The controversy between the Bunker Hill Company and the January Company could be litigated between them on cross-bill as ancillary to the main case, though they were citizens of the same state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 801; Dec. Dig. § 264.*]

5. EQUITY (§ 115*)—BRINGING IN NEW PARTIES.

The Federal Company could not complain of the making of the January Company a party defendant, on the ground that it would complicate the issues, necessitate delay, and entail on it additional expense, since it had been in its power to bring the entire controversy into court in one suit.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 280 283; Dec. Dig. § 115.*]

6. COURTS (§ 489*)—PARTIES—NECESSARY PARTIES.

The making of the January Company a party defendant did not interfere with the jurisdiction of the state court, for the state court could still proceed with the suit brought by that company.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1324-1341; Dec. Dig. § 489.*]

In Equity. Suit by the Federal Mining & Smelting Company against the Bunker Hill & Sullivan Mining & Concentrating Company. Plaintiff required to bring in as a party the January Mining Company.

John P. Gray and F. T. Post, for complainant.

Curtis H. Lindley and Myron A. Folsom, for defendant.

DIETRICH, District Judge. The defendant by its answer having suggested that the January Mining Company, a corporation, ought to be made a party, upon motion of the complainant the cause was set down for argument, and has been submitted upon this objection only.

The suit is brought to quiet plaintiff's title to the San Carlos lode mining claim, situate in Shoshone county, Idaho, and especially to certain extralateral ore bodies which it is averred are a part of the vein having its apex within the surface boundaries of the claim. The complainant is a corporation organized under the laws of the state of Delaware. The defendant, and also the January Mining Company, are corporations organized under the laws of the state of Oregon. The original bill was filed on the 1st day of October, 1908, and upon the same day complainant filed in this court another bill against the defendant, involving a similar controversy, based upon its alleged ownership of what is known as the Overlap lode mining claim. Subsequently, on or about the 16th day of November, 1908, the January Mining Company commenced an action in the district court of the

First judicial district of the state of Idaho, in and for Shoshone county, against the defendant, exhibiting a similar controversy, based upon its alleged ownership of what is known as the Republican Fraction mining claim. .It so happens that the extended end lines of the San Carlos and Overlap claims, belonging to the complainant, and of the Republican Fraction, belonging to the January Mining Company, and of the Bunker Hill claim, belonging to the defendant, intersect, with the result that there is a segment, common to all of the extralateral planes, of which each of the three companies named claims to be the sole owner. A somewhat larger segment is common to the extralateral planes of the San Carlos, Bunker Hill, and Republican Fraction, and a still larger area common to the Overlap, Republican Fraction, and Bunker Hill. In each of the three cases the complainant prays, not only that its title be quieted, but that defendant be required to account and pay for the ores which, according to the averments, it has wrongfully extracted from the ground in controversy.

The amount and value of the ores for which an accounting is sought are not alleged in either of the bills in this court, but from defendant's answer it appears that in the state court the January Mining Company alleges the total amount extracted from the area common to the extralateral planes of the Republican Fraction and the Bunker Hill to be over $7,000,000. In the answer it is further averred that prior to the year 1905 the complainant here was the owner of the Republican Fraction as well as the San Carlos and Overlap claims, and that in that year it filed .in this court a suit asserting extralateral rights pertaining to the Republican Fraction claim; the suit being somewhat similar in its scope to the suits now pending. Thereafter, and without a trial, upon the merits, that suit was voluntarily dismissed, and the complainant caused the January Mining Company to be organized,. and thereafter conveyed to it, for a nominal consideration, the Republican Fraction claim, together with all causes of action appertaining thereto against the defendant company. It is further alleged in the answer that the plaintiff owns all of the capital stock of the January Mining Company, and it is contended that in fact the January Mining Company was organized in the state of Oregon by the plaintiff, and the Republican Fraction claim conveyed to it for a nominal consideration, merely for the purpose of avoiding the jurisdiction of this court.

The defendant's point is that the January Mining Company should be made a party, and thus be compelled here to litigate its claims to the common segment, under the rule which requires a court of equity to decide upon and finally determine the entire controversy, and to do complete justice by adjusting all the rights involved in it, and also to make the performance of the orders of the court perfectly safe to those who are compelled to obey them. That this is the general rule, subject to certain exceptions, may not be doubted. Bates, Federal Equity Procedure, § 39 et seq. Whether, in view of the fact that complainant seeks an accounting, and both it and the plaintiff in the suit in the state court are laying claim to the same fund, the January Mining Company should be regarded as an "indispensable" party, as defined in Shields v. Barrow, 58 U. S. 130, 15 L. Ed. 158, and Wil--

liams v. Bankhead, 19 Wall. 563, 22 L. Ed. 184, need not be decided. If not "indispensable," it is a "necessary" party.

The matter in dispute is a certain segment of mineral land, together with the proceeds of ores heretofore removed therefrom by the defendant, of all of which each of the three corporations claims ownership, to the exclusion of all rights and claims of each of the other two corporations. As to the accounting, it is admitted that unless by some arrangement, voluntarily entered into by the plaintiff, the court may retain control of the fund which may be awarded to the plaintiff until the suit in the state court is finally determined, and thereupon direct the payment thereof as the rights of the parties may appear, the defendant would, because of a possible adverse judgment in the state court as well as here, be subjected to the peril of being twice called upon to account for the same fund. Apart from this feature, the case might possibly be prosecuted in its present form without jeopardy to defendant, but, obviously, not within the principle epitomized in that familiar expression that "courts of equity delight to do justice, *and not by halves.*"

[1] One of the exceptions to the general rule that all persons interested in the controversy should be made parties to the suit is where the bringing in of a dispensable party would oust the jurisdiction of the court; and the plaintiff urges that the conditions here are such as to require recognition of this exception.

[2] Referring to the familiar principle that, in determining whether the requisite diversity of citizenship exists, it is the duty of the court to align the parties upon the one side or the other, according to their real rather than their apparent interests, regardless of the places assigned to them in the pleadings as plaintiffs or defendants, plaintiff contends that, if the January Company is brought in, it must, for jurisdictional purposes, be deemed to be a coplaintiff, and therefore the court would lose jurisdiction; for we should then have, as parties upon opposite sides of the controversy, citizens of the same state.

[3] This contention is based upon the assumption that because, as appears from the answer, the plaintiff controls all of the stock of the January Company, there can be no real conflict between them. But conflict of claims does not necessarily imply hostility of claimants. The January Mining Company is the owner of the Republican Fraction mining claim and all that pertains thereto. The property is held by it primarily for the benefit of its creditors, and secondarily for its stockholders. Its rights as an owner are not affected by the fact that all of its stock is possessed or controlled by a single interest, nor are its obligations thereby diminished; and presumably it is in good faith seeking to establish its right to the segment in controversy for its own, and not for another's, benefit, thus fulfilling the obligations imposed upon it by law. Nor will it be presumed that the plaintiff, although controlling the stock of the January Company, will, by an abuse of power, cause it gratuitously to waive any substantial property right. In this view it is difficult to perceive how there is or can be community of interest between the plaintiff and the January Company, any more than between either of these companies and the defendant. It is not

a case where co-ordinated interests derived from a common source by two persons, either jointly or severally, are assailed by a third person claiming adversely under a title deraigned from a different source. Each of the corporations here is claiming the whole estate, to the exclusion of any and all claims of the other corporations. There is and can be no community of interest, for each asserts ownership of the entire matter in dispute.

[4] In that view the January Company could have been made a party defendant without affecting the jurisdiction of the court. And, notwithstanding the fact that it and the present defendant are citizens of the same state, the controversy between them could, upon cross-bills, be entertained as ancillary to the original suit. In Bates on Federal Equity Procedure, § 381, it is said:

"A cross-bill in equity in a Circuit Court of the United States is not a suit by original process. It is an ancillary suit. The cross-bill is an auxiliary to the original suit and a dependency upon it. The statutes of the United States defining the jurisdiction of courts and prescribing where a suit shall be brought do not apply to an ancillary or dependent suit. Such suit should be brought in the court wherein is pending the original suit, to which it is ancillary and upon which it is dependent, without regard to the citizenship of the parties or any other ground of federal jurisdiction whatever. The court has jurisdiction of the defendant to the cross-bill by virtue of the jurisdiction acquired over him in the original suit." Street on Federal Equity Practice, § 1234; Lilienthal v. McCormick, 117 Fed. 89, 54 C. C. A. 475; Miller & Lux v. Rickey (C. C.) 146 Fed. 574; First National Bank v. Salem (C. C.) 31 Fed. 580; Brooks v. Laurent, 98 Fed. 647, 39 C. C. A. 201.

The cases cited by plaintiff, where expressions apparently to the contrary are found, involve a different state of facts. In Vannerson v. Leverett (C. C.) 31 Fed. 376, it is expressly stated in the opinion that the cross-complainant prayed for no relief against the plaintiffs, and that the cross-bill was in no sense a reply to the allegations of the bill, and had no relation to the subject-matter of the original suit. In Clyde v. Richmond & D. R. Co. (C. C.) 65 Fed. 336, which was an intervention, the rule is expressly recognized that petitions in intervention, cross-bills, and other ancillary proceedings may be entertained, although there are lacking some of the jurisdictional facts requisite to original bills. In Gregory v. Pike, 67 Fed. 837, 15 C. C. A. 33, also involving petitions in intervention, the facts were so different and the proceedings presented such a complication that the expressions from the opinion of the Circuit Court of Appeals relied upon by plaintiff cannot be said to lend much support to its contention, and in the Supreme Court (163 U. S. 688, 16 Sup. Ct. 1202, 41 L. Ed. 311) the point was not directly considered.

Newton v. Gage (C. C.) 155 Fed. 598, presents an elaborate and able discussion of certain questions, but not of the one now under consideration. The original bill was brought by Newton, a subject of Great Britain, against the Gages, citizens of California, to foreclose a mortgage. The investment company, also a British subject, intervened, and filed a cross-bill against the Gages and one Powell, a stranger to the suit. Of the points considered, the only one in any wise related to the present subject was, as stated by the court, "that the bringing in of a new party by cross-bill or otherwise, when the presence of such

party as an original defendant would have defeated federal jurisdiction," is not permissible. No such conditions are here presented, for, · as we have already seen, the plaintiff might have originally made the January Mining Company a party defendant without in any wise affecting the jurisdiction of the court.

In Shields v. Barrow, 58 U. S. 130, 15 L. Ed. 158, the Supreme Court, characterizing the proceedings in the lower court as a "complicated maze," said:

"New parties cannot be introduced into a cause by a cross-bill. If the plaintiff desires to make new parties, he amends his bill and makes them. If the interest of the defendant requires their presence, he takes the objection of nonjoinder, and the complainant is forced to amend or his bill is dismissed. If at the hearing the court finds that an indispensable party is not on the record, it refuses to proceed. These remedies cover the whole subject, and a cross-bill to make new parties is not only improper and irregular, but wholly unnecessary."

The course here pursued is in harmony with the practice thus prescribed by the Supreme Court; and both the present defendant and the January Mining Company, after it shall have become a party, may, without violating any principle announced in Shields v. Barrow, file cross-bills against each other and the plaintiff to obtain full and complete relief touching all matters charged in complainant's bill.

If, upon the other hand, we give assent to the plaintiff's proposition that the January Company should be classed as a coplaintiff, it must be done upon the theory that, because that company is alleged to have been organized by, and is the creature of, the plaintiff, it is not a distinct entity, but that it is only the plaintiff in another form and under a different name, a mere organ or agency of the plaintiff. In that view its presence would be immaterial to the question of jurisdiction and may be ignored, for it would be a nominal party only, with no real interest, other than as the representative or agent of the plaintiff. A case would be presented, not of joint interest or community of interest between several parties, but of identity of both parties and interests. Ignoring the form, and having regard only for the substance, the court could see but two real parties, the present plaintiff and the defendant.

[5] It is further suggested that the bringing in of the January Company would in a measure complicate the issues and necessitate some delay, and would also entail upon the plaintiff additional expense. That may be true, but it is obvious that the trial of the entire controversy in one court and in one proceeding would result in less expense and fewer complications than its litigation in piecemeal in two different suits and in two distinct jurisdictions. It must be borne in mind that according to the showing made by the answer, which, for the present purpose, must be deemed to be true, the plaintiff was at the outset the master of the situation, and had the option to elect in what forum it would assert its rights to all of these claims. Being the owner of the Republican Fraction, as well as of the San Carlos and the Overlap, it was within its power to bring the entire controversy into this court. On the other hand, by conveying to the January Mining Company the Overlap and the San Carlos, as well as the Republican

Fraction, that company would have been enabled to bring and maintain the entire controversy in the state court. For certain reasons, which may be assumed to have been entirely proper, the plaintiff elected to pursue a course by which a part of the controversy could be brought in the state court and a part in this court, a course which necessarily involves complications and expense greater than that which would have been necessary, had the entire matter been submitted to one jurisdiction. Having deliberately adopted a mode of procedure burdensome and perilous to the defendant, can the plaintiff now be heard to complain if the defendant seeks a measure of protection which incidentally entails some additional complications and expense? Under the circumstances, I am not deeply moved by this appeal.

[6] Nor am I able to yield to the suggestion that to require the January Mining Company to be made a party might be construed as an encroachment upon the jurisdiction of the state court, and hence a breach of the rules of comity. With the intricate interrelations of litigation in the state and federal courts, I deeply appreciate the importance at all times of a generous and gracious recognition by the courts of one jurisdiction of the rights and dignity of the tribunals of the other jurisdiction. But, rightly understood, the granting of the defendant's prayer for additional parties cannot be regarded by the state court as an attempt to infringe upon or interfere with its jurisdiction. It cannot be doubted that, in the interest of economy of expense, and of simplicity of procedure, and of uniformity of decision, the entire controversy relative to all of these claims should be submitted to a single jurisdiction. The suits in this court were commenced first, and here first an application is made to bring in all of the interested parties, jurisdiction of whom is requisite to the administration of complete justice. However, should the state court be of the opinion that both suits may and should be maintained independently, its right to proceed will in no wise be limited or curtailed by making the January Company a party to this suit. Both the parties will be at liberty to proceed in, and the court, at its option, will have the right to entertain, the further prosecution of that suit, without regard to proceedings here. It will be a matter entirely in their discretion.

It follows that the defendant's objection must be sustained, and that the plaintiff should be required to bring in, as a party to this suit, the January Mining Company.