### UNITED STATES v. WOODS.

### WOODS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1915.)

Nos. 4255, 4274.

1. INDIANS ⬤—15—ALLOTMENT—RESTRICTIONS ON ALIENATION.

Allotments to the heirs of deceased members of the Creek Nation are not subject to the restrictions on alienation provided for by the Supplemental Creek Agreement of June 30, 1902 (32 Stat. 500, c. 1323).

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 17, 29, 34, 37–44; Dec. Dig. ⬤—15.]

2. EQUITY ⬤—204—PLEADING—CROSS-BILL—NEW PARTIES.

In a suit by the government to cancel conveyances of land allotted to Indians, where the defendant made no suggestion of lack of proper parties for the determination of that controversy, a cross-bill alleging that other individuals were claiming some interest in the land and praying that they be joined as parties and required to litigate their rights was properly dismissed, since new parties cannot be introduced into a cause by a cross-bill as a general rule.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 467; Dec. Dig. ⬤—204.]

3. EQUITY ⬤—204—PLEADING—CROSS-BILL—RULE.

Equity rule 30 (198 Fed. xxvii, 115 C. C. A. xxvii), providing that the answer may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, does not authorize the filing of a cross-bill in a suit by the government on behalf of the Creek Indians to cancel conveyances of allotted lands, which bill prayed that individuals claiming an interest in the lands adverse to defendant be joined as parties and required to litigate their claims.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 467; Dec. Dig. ⬤—204.]

Appeals from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by the United States against Helen F. Woods, in which the defendant filed a cross-bill asking that other persons be made parties to the suit and required to litigate their claims to the land in controversy. Decree dismissing the bill and the cross-bill, and plaintiff appeals from the dismissal of its bill, and defendant appeals from dismissal of her cross-bill. Decree affirmed on both appeals.

W. P. Z. German, Sp. Asst. U. S. Atty., of Muskogee, Okl. (D. H. Linebaugh, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

W. W. Noffsinger, of Muskogee, Okl. (Y. P. Broome, of Muskogee, Okl., on the brief), for defendant.

Before ADAMS and CARLAND, Circuit Judges, and AMIDON, District Judge.

ADAMS, Circuit Judge. The United States brought this suit on the authority of Act May 27, 1908, c. 199, 35 Stat. 312, as interpreted by the Supreme Court of the United States in the case of Heckman v. United

⬤—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

States, 224 U. S. 413, 443, 32 Sup. Ct. 424, 56 L. Ed. 820, to cancel three deeds made by one John C. Leeds, conveying to defendant Helen F. Woods three separate tracts of land, which he had acquired from the heirs of deceased full-blood Creek Indians, to whom homestead allotments of these tracts had been made. The charge in the bill of complaint was that they were made in violation of the restrictions upon alienation provided for by the Supplemental Creek Agreement of June 30, 1902 (32 Stat. 500, c. 1323).

The defendant filed her answer, denying that there were any restrictions against alienation by the heirs of deceased full-blood Creek Indians of allotments made to them in the right of these ancestors, and asserting her indefeasible title to the tracts of land so conveyed to her. At the same time she filed a cross-bill, alleging in substance that several persons, John A. Stiles, George D. Howison, the Guaranty State Bank, and Joe Deer, none of whom were made parties to the suit by the United States, were asserting some claim to the three tracts of land so conveyed to her, adverse to her right thereto, and praying that they be made parties to the suit, and be required to litigate their claims against her in this suit. The court below entered a decree dismissing the bill of the government against her and denying the prayer of her cross-bill to bring in the proposed new parties, and dismissing the cross-bill itself. From that part of the decree dismissing the bill the government prosecutes its appeal to this court, and from that part of the decree denying the defendant leave to bring in the new parties and dismissing her cross-bill she prosecutes an appeal.

[1] It has recently been decided by the Supreme Court that an allotment of land made to the heirs of a deceased member of the Creek Nation in satisfaction of the right of such deceased member is not subject to the restrictions upon alienation provided for by the Supplemental Creek Agreement. Skelton v. Dill, 235 U. S. 206, 35 Sup. Ct. 60, 59 L. Ed. ——, decided November 30, 1914, and Adkins v. Arnold, 235 U. S. 417, 35 Sup. Ct. 118, 59 L. Ed. —— decided December 14, 1914.

Those cases control the decision in this case, and require an affirmance of the decree below dismissing the bill.

And it is so ordered.

[2] Did the court err in denying the prayer of defendant's cross-bill? Neither of the three parties sought to be introduced into the case by the cross-bill were parties to the original bill. The government did not desire to litigate their claims, and did not make them defendants. The defendant suggested no defect of parties, and took no step to require the government to make additional parties. In other words, the parties to the suit did not deem them necessary parties to the controversy between them. The defendant, Helen F. Woods, conceiving that she had some cause of action against these parties, sought to litigate the same in the cross-bill in this case, rather than bring an independent action against them. We do not think a cross-bill can be availed of for this purpose.

The general rule is that new parties cannot be introduced into a cause by a cross-bill; that only parties to the original bill, plaintiffs or

defendants, can be made parties to a cross-bill. If the plaintiff desires to make new parties, he amends his bill and in that way introduces them. If the defendant requires the presence of parties other than those named in the original bill, he complains of a nonjoinder by answer, and plaintiff is then forced to amend or the bill may be dismissed. Such is the general rule in equity. Story's Equity Pleading (10th Ed.) § 389 et seq.; Shields v. Barrow, 17 How. 130, 15 L. Ed. 158; Bundl v. O'Day (C. C.) 125 Fed. 303, 319; Thruston v. Big Stone Gap Imp. Co. (C. C.) 86 Fed. 484; United States Gypsum Co. v. Hoxie (C. C.) 172 Fed. 504, and cases cited; Patton v. Marshall, 173 Fed. 350, 97 C. C. A. 610, 26 L. R. A. (N. S.) 127; Central Trust Co. v. Cincinnati, H. & D. Ry. Co. (C. C.) 169 Fed. 466.

[3] It is suggested that rule 30 (198 Fed. xxvii, 115 C. C. A. xxvii) of the new equity rules has some bearing on the question now before us. That rule reads thus:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims."

We discover nothing in the claim of the cross-complainant as set out in the proposed cross-bill in this case in the nature of a counterclaim. She has neither a set-off nor a counterclaim against the government and asserts no such claim. Neither do the averments of the cross-bill disclose any set-off or counterclaim against any of the Creek Indians in whose favor the government appears to be prosecuting this action. In our opinion, therefore, she is not helped by the provisions of rule thirty. We think the prayer of her cross-bill was properly denied, and the cross-bill itself was properly dismissed. The decree of the court below in so doing is affirmed.