## LOONEY v. THORPE BROS.

(Circuit Court of Appeals, Eighth Circuit. December 14, 1921.)

No. 5867.

1. **Equity ☞204—Parties may not be brought in by counterclaim.**
   Parties may not be brought into a suit in equity by counterclaim.

2. **Courts ☞347—Counterclaim must be cause of action against complainant.**
   Under equity rule 30 (201 Fed. v, 118 C. C. A. v), a counterclaim which may be set up in the answer must be one which might be the subject of a suit against the complainant, and a counterclaim alleging causes of action against others, who were not parties, and asking that they be made parties, *held* properly stricken out.

3. **Corporations ☞506—Identity of corporations not to be determined in suit to which all are not parties.**
   An allegation that complainant, a corporation, and other corporations named, are one and the same, and are owned, officered, and controlled by the same person, raises no issue that can be determined, where the other corporations are not parties to the suit.

Appeal from the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Suit in equity by Thorpe Bros., a corporation, against John Looney. Decree for complainant, and defendant appeals. Affirmed.

C. C. Catron, of Santa Fé, N. M., for appellant.

John H. Fry, of Denver, Colo., for appellee.

Before CARLAND, Circuit Judge, and YOUMANS and JOHNSON, District Judges.

CARLAND, Circuit Judge. This action was commenced by appellee, hereafter plaintiff, a corporation of Minnesota, against appellant, hereafter defendant, to foreclose a mortgage given by the latter to the Arlington Land Company, a corporation of Colorado, and of which mortgage and the debt secured thereby plaintiff claimed to be the owner. Defendant pleaded "for counterclaim and for affirmative relief" substantially as follows:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

That the Arlington Land Company is a corporation organized under the laws of the state of Colorado, with its principal place of business in Minneapolis, Minn.; that Samuel S. Thorpe is the president, Thomas Peebles the secretary, and James H. Pershing its vice president, and that the said three officers are the only three directors; that the objects for which the Arlington Land Company is incorporated are, generally, to deal in real estate, personal property, commercial paper, acquire water rights, operate waterworks and irrigation systems, to mine, operate for oil and hydrocarbon products, conduct refineries, and enter into all necessary contracts advantageous for carrying out the objects for which this company is created.

That the Mosota Land Company is a corporation organized under the laws of the state of Colorado, with its principal place of business in Minneapolis, Minn.; that Samuel S. Thorpe is its president, James H. Pershing vice president, and Thomas Peebles secretary and treasurer, and that the said three officers constitute its board of directors; that the object for which it is created is to take, hold, lease, mortgage, and convey personal property, to give and take conveyances, leases, mortgages, deeds of trust, negotiable instruments, and pledges, to take, hold, manage, and develop its properties and to acquire water rights and operate waterworks and irrigation systems.

That the Arlington Land Company, the Mosota Land Company, and the complainant, Thorpe Bros., are in fact one and the same, except in name, and are owned, officered, and controlled by Samuel S. Thorpe and Thomas Peebles, and that ever since 1914, and prior thereto, have been directed and controlled by Samuel S. Thorpe and Thomas Peebles as instruments and for the purpose of defrauding the defendant as hereinafter set forth.

That in 1914 Thomas Peebles and Samuel S. Thorpe represented unto this defendant that they were the real owners in fee simple of the 9,537 acres of land described in the mortgage in plaintiff's bill of complaint mentioned, that for their convenience the title was vested in a corporation known as the Arlington Land Company, and that the said Thorpe and Peebles sold to the said defendant the aforesaid land, reserving however, the coal thereon, the said land to be paid for by defendant, $3,293 in cash and four notes, aggregating $16,777.70. That the said defendant immediately went into possession of said lands under said agreement of sale and on April 24, 1914, paid unto the said Thorpe and Peebles the sum of $3,293 in cash, and executed what the defendant then supposed to be the notes and mortgages drawn according to the terms of the said sale, it being understood that the said Thorpe and Peebles were to have the deed to the said land so sold the defendant executed, conveying the said land, excepting the coal therein, in fee simple absolute, with full covenants of warranty, and would cause the same to be recorded, and, when recorded, would deliver same to the defendant; but the said Thorpe and Peebles, combining and confederating with the Arlington Land Company and the Mosota Land Company, for the purpose of cheating and defrauding this defendant, fraudulently and without the knowledge of this defendant caused the Arlington Land Company on the 23d day of March, 1914,

to convey unto the Mosota Land Company certain interests in the said lands, to wit, all ores, coal, petroleum, oil, gas, metals, carbons or hydrocarbons, mines, and valuable mineral deposits, lodes and veins found or hereafter to be found, together with their dips in or beneath the surface of the lands described in Plaintiff's Exhibit C, attached to plaintiff's complaint, and which said lands so described are identical with the lands described in Plaintiff's Exhibit B, attached to plaintiff's complaint, the same being the deed of the Arlington Land Company to John Looney, and that for a like fraudulent purpose they inserted in the deed conveying the lands to this defendant the statement in substance that the land deeded is subject to the terms of that certain deed executed and delivered by the Arlington Land Company to the Mosota Land Company, and for a like fraudulent purpose caused to be written into the said mortgage of the said John Looney to the Arlington Land Company, the same being Plaintiff's Exhibit A, attached to plaintiff's complaint, the statement that the description contained in the mortgage was subject only to certain exceptions and reservations created by and appearing in that certain deed from the Arlington Land Company to John Looney, the same being Plaintiff's Exhibit B, above referred to. (The said deed from the Arlington Land Company to John Looney and the mortgage from John Looney to the Arlington Land Company being respectively drawn and dated January 2, 1914, and the deed or the pretended deed to the Mosota Land Company being dated March 23, 1914.)

That the said Peebles and Thorpe for a like fraudulent purpose caused the deed for the said lands to this defendant, and the said notes and the said mortgage to be antedated for the fraudulent purpose of extorting unearned interest, and for a further purpose of cheating and defrauding this defendant the said Thorpe and Peebles represented that the said tract of land contained 9,537 acres, whereas in truth and in fact the said tract contained only 9,272 acres, or a shortage of 265 acres, whereby, on account of said shortage, defendant has lost the said lands of the value of $26,500; that the deed of the Arlington Land Company to the Mosota Land Company is a cloud upon the title of this defendant, and should in equity and good conscience be removed, and that the deed from the Arlington Land Company to this defendant should in equity and good conscience be reformed and corrected to conform with the agreement of sale; that similar representations were made by the said Thorpe and Peebles as to another tract of land containing 3,133 acres, which were contracted to be sold by them unto the said defendant John Looney under the same conditions as the tract hereinabove referred to, which said deed, however, fraudulently contained similar exceptions to those hereinabove set forth, and that the said Thorpe and Peebles, at such time of sale, for the purpose of cheating and defrauding this defendant, purposely suppressed from this defendant, at the time he purchased the said tract of land containing 3,133 acres, the fact that the Arlington Land Company had previously conveyed to the Mosota Land Company certain interests in said lands, and that this defendant had no knowledge of the conveyance of such interests to the Mosota Land

277 F.—24

Company, or of the placing of record of such conveyance, at the time of his purchase from the Arlington Land Company, and that the said deed to the Mosota Land Company should in equity and good conscience be set aside as a fraud upon this defendant; that on account of the false representations and fraud perpetrated upon this defendant by the said Thorpe and Peebles, and the shortage in land and the damages resulting therefrom, and the payments made, the defendant has fully paid up the said purchase price of said lands.

The prayer based upon the counterclaim was substantially as follows:

The defendant prays for the following relief: That the said Samuel S. Thorpe, Thomas Peebles, Arlington Land Company, and Mosota Land Company be made parties to this suit by the plaintiff; that they be compelled to answer this counterclaim; that an accounting be had of the full amount of money the defendant has paid on the said mortgaged indebtedness, the number of acres that the said tract falls short, the damage sustained by the defendant by reason of said shortage, and that the same be allowed as a counterclaim against the said complainants, Samuel S. Thorpe, Thomas Peebles, or the Arlington Land Company; that the deed from the Arlington Land Company to the Mosota Land Company and the record thereof may be set aside and canceled; that. the exceptions and reservations in the mortgage deed from John Looney to the Arlington Land Company be ordered to be stricken; that the exceptions and exclusions contained in the deed from the Arlington Land Company to John Looney, and other recitals therein specified, be stricken out of said deed and record thereof as being inserted therein unlawfully and fraudulently, and as a cloud upon the title of the defendant, and that the said deed be reformed to speak the truth; that the deeds of the Arlington Land Company to the Mosota Land Company in this pleading referred to be declared void as to this defendant, not only as a fraud upon the defendant, but for want of power in the Mosota Land Company to deal in real estate.

Plaintiff moved the trial court for an order striking out the counterclaim. The order asked for was granted, subject to the right of defendant to file an amended answer within 15 days if he should be so advised. This ruling is the first error assigned. Defendant denominated the pleading upon which he asked affirmative relief a counterclaim and made no effort to have it called anything else. Federal equity rule 30 (201 Fed. v, 118 C. C. A. v), so far as material reads as follows:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him."

[1] In order to present the question of whether the matter pleaded was a counterclaim within the rule above quoted, it is necessary to put to one side all parties except the defendant and plaintiff, as there are no other parties to the cause, or any proper pleading which would authorize any one else to be made a party thereto. Parties may not be

brought into a cause by a counterclaim, and there is no allegation in the answer that there is a defect of parties plaintiff or defendant in the present case. U. S. v. Woods, 223 Fed. 316, 138 C. C. A. 578; Patten v. Marshall, 173 Fed. 350; Williams v. Adler-Goldman Commission Co., 227 Fed. 374, 142 C. C. A. 70. Looking, then, at the parties to the cause, we find as plaintiff a corporation of Minnesota and as defendant Mr. Looney. Plaintiff is a separate legal entity from Samuel S. Thorpe and Thomas Peebles, even if it be conceded that they own all the stock and control the affairs of the corporation. 14 C. J. p. 53, and cases cited.

[2] The question now arises as to what affirmative cause of action the defendant has pleaded against the plaintiff, either arising out of the transaction which is the subject-matter of the suit, or which might be the subject of an independent suit in equity against it, and which, if maintained, would authorize a judgment in favor of defendant against the plaintiff. The only relief prayed for is: (1) That the plaintiff be compelled to make Thorpe, Peebles, Arlington Land Company, and Mosota Land Company parties to the suit. This relief, of course, could not be granted by way of counterclaim, and therefore it does not constitute a counterclaim against the plaintiff. (2) That an accounting be had of the full amount paid by defendant on the mortgage indebtedness. Of course, if defendant has paid anything on the mortgage, he would be entitled to show such fact as a matter of defense under his answer, but it would not constitute a counterclaim. (3) That the number of acres the tract conveyed to defendant was short be ascertained, and the damages for the shortage be allowed as a counterclaim against Thorpe, Peebles, or the Arlington Land Company. Defendant did not pray that the amount be allowed as a counterclaim against plaintiff, but if the prayer could be so construed the claim could not be established without Thorpe, Peebles, and the Arlington Land Company were parties to the action; they are not parties, and could not be made so in the situation in which the case stood. It would not in any event be a cause of action in favor of defendant against the plaintiff. (4) That the deed from the Arlington Land Company to the Mosota Land Company and the record thereof may be set aside and canceled. This would constitute no counterclaim against plaintiff. (5) That the exceptions and reservations in the mortgage deed from defendant to the Arlington Land Company be ordered stricken. This would be no counterclaim against plaintiff. (6) That the exceptions and exclusions contained in the deed from the Arlington Land Company to defendant and other recitals therein specified be stricken out of said deed and record thereof and that said deed be reformed to speak the truth. This would be no counterclaim against plaintiff. (7) That the deeds of the Arlington Land Company to the Mosota Land Company be declared void as to defendant. This would not constitute any counterclaim against plaintiff. Defendant was given the opportunity to plead any matters of defense that he had against the plaintiff but did not amend his answer.

[3] Defendant seeks to avoid the apparent difficulties attending his attempt to plead a counterclaim by alleging that the Arlington Land

Company, the Mosota Land Company and Thorpe Bros., are one legal entity, and are owned, officered, and controlled by Samuel S. Thorpe and Thomas Peebles. This court not only must take notice that these three corporations are not one legal entity, but the corporations themselves have a right to contest the allegation that they are one, and they cannot do so in this suit, as they are not parties thereto, and no proper attempt has been made to make them so. There was no error in striking the counterclaim. After the counterclaim had been stricken the case came on for trial. The plaintiff introduced its evidence and recovered a judgment of foreclosure. It is now claimed by defendant that the court erred in denying his motion to dismiss made at the close of plaintiff's case, on the ground that the evidence offered by it was insufficient to sustain a judgment in his favor. In considering this assignment of error, the state of the pleadings and the evidence when the motion was made must be considered. The counterclaim had been stricken from the answer, leaving only the matters of defense set up in the answer. The plaintiff was not required to file a reply to this matter under equity rule 31 (198 Fed. xxvii, 115 C. C. A. xxvii). The defendant offered no evidence whatever. The answer admitted the execution and delivery of the notes secured by the mortgage. The same admissions were made as to the mortgage. There was evidence that the plaintiff was the owner of the notes. Whether the plaintiff was a bona fide holder or not was immaterial, as the defendant did not attempt to prove any defense against it. The status of a bona fide holder is a protection from attack. If one is not attacked, the status need not be claimed.

The decree appealed from is affirmed.