## WILLIAMS v. MASON et al.

(District Court, S. D. Florida. July 17, 1925.)

No. 1255.

1. Equity ⊜362—Replication seeking to bring in new parties held subject to motion to dismiss as to them.

Under Judicial Code, § 274b (Comp. St. § 1251b), authorizing equitable defenses without filing bill on equity side of court, in action on notes, in which defendants filed plea on equitable grounds, replication, attempting to bring in new parties on matters amounting to counterclaim, is subject to motion to dismiss as to such parties.

2. Equity ⊜115—Defendant, filing cross-bill, may not bring in new parties.

In equity practice, defendant, filing cross-bill, may not bring in new parties.

3. Injunction ⊜26(3) — On admission by replication to plea that notes were signed by maker not of sound mind, common-law action on notes will be enjoined.

In action on notes, where defendant interposed equitable plea, alleging, among other things, that maker thereof was of unsound mind at time of making of notes, and that plaintiff's had so alleged in another suit, and asking injunction, and replication admitted such facts and did not sufficiently avoid them, action at law on such notes will be enjoined.

4. Equity ⊜367—Cancellation of mortgage denied, in view of fact that bill had been dismissed as to parties sought to be brought in.

In action on notes, in which defendants in equitable plea asked cancellation of mortgages, which relief depended on a testator's soundness of mind, and replication, which sought to bring in new parties and litigate that question, was dismissed as to such new parties, cancellation of mortgages will be denied, but without prejudice to litigation of question in proper proceeding.

At Law. Action by C. L. Williams, as receiver, for the use of Norman D. Suttles, against George H. Mason and another, administrators de bonis non cum testamento annexo of Harry Mason, deceased, and others. On hearing on plea and replication. Order in accordance with opinion.

See, also, 289 F. 812.

John W. Dodge, of Jacksonville, Fla., for plaintiff Suttles.

Kay, Adams & Ragland, of Jacksonville, Fla., for defendants.

CALL, District Judge. Declaration was filed in this case February 7, 1921, against George H. Mason and Thomas J. Mason, as administrators de bonis non cum testamento annexo of Harry Mason, deceased, by the receiver of the Heard National Bank, on eight promissory notes, on which it was alleged that H. Mason was indorser of seven and maker of one of the notes sued on. Pleas were interposed by the defendants, alleging various defences, among which was the defense that H. Mason had not indorsed the indorsed notes, and had not made the one on which he appeared as maker. On February 12, 1923, a plea was filed, alleging that the receiver had sold and transferred all his title and interest in said notes. Thereupon a motion was made and granted to amend the declaration, by making the receiver the nominal plaintiff for the use of Norman D. Suttles, the assignee of the notes in suit, and an amendment duly filed pursuant to the order February 26, 1923.

To this declaration, as amended, the defendants filed 11 pleas to the first 7 counts and 3 to the eighth count. They at the same time filed a plea to all the counts on equitable grounds, setting out that the use plaintiff had purchased from the receiver two judgments, recovered by the receiver against George H. Mason, individually, on these notes, together with certain obligations of Harry Mason including the notes in suit, for a certain amount. It is then alleged that Suttles, on January 1, 1923, after his said purchase, filed his bill in chancery in the state court against these defendants and other defendants, naming them, seeking to recover equitable assets belonging to George H. Mason, individually, alleging the existence of a joint adventure beginning in 1911 between George H. Mason and Harry Mason, for the purpose of conducting a hotel business and the development of properties in that behalf, and that such joint adventure remained in force throughout and until the death of Har-

ry Mason; that George H. Mason had equitable interests in the properties known as the Everett Hotel and the Mason Hotel in Jacksonville, by reason of such alleged joint venture; that, in his effort to avoid all that had transpired with respect to said properties, particularly the vesting of the title thereto in five designated trustees, as well as the last will and testament of said Harry Mason, and all deeds and documents which the said Harry Mason had executed with respect to said properties since November, 1915, to the date of his death, so as to leave the way clear for the assertion of the claim that some interest still remained in George Mason, individually, which might be reached by judgment creditors, averred to the following effect: That during the year 1914, and 1915, and prior thereto, said Harry Mason was of such feeble and impaired body and mind that he did not possess sufficient mental power to know or appreciate what he was doing; that he was in fact, if not all the time, at least the greater part of the time, during the years 1914 and 1915, and subsequent thereto, an imbecile, both in body and mind, and suffered with, not partial, but complete, loss of memory as to all business obligations; that during the years 1913 and 1914 he suffered various illnesses which completely incapacitated him for the most ordinary and trivial business, and this condition continued from 1913 to the time of his death. (This is a mere outline of what the plea alleges as the contents of the bill of complaint.)

The plea then alleges the signing of the bill by complainant Suttles and his solicitor, and that the bill was sworn to by the complainant. It then alleges that the position taken in the bill of complaint is inconsistent with the position taken in the action on the promissory notes. It then is alleged that the four notes dated May 15, 1916, were the individual notes of George H. Mason; that H. Mason did not sign or indorse either of said four notes, or have any knowledge thereof, until suit was brought upon them, and that the same is true of each of the other four notes sued upon in this case, dated November 9, 1916; that said notes were individual obligations of George H. Mason, and that said notes included all the indebtedness of George H. Mason called for by the notes of May 16, 1916, both principal and interest.

The plea then alleges that George H. Mason, desiring to secure his indebtedness to the Heard National Bank on the notes of May 16, 1916, did on June 12, 1916, execute to J. J. Heard, as trustee for said bank, a deed of trust of mortgage upon such interest as he or his wife might acquire in property under the will of Harry Mason, or as his heir at law, describing specifically certain properties, including the Everett Hotel and Mason Hotel properties; that said mortgage has never been recorded, but is attached as an exhibit to the Suttles bill of complaint in the state court; that after giving the four notes on November 9, 1916, said George H. Mason and his wife, did on June 10, 1917, execute a further mortgage to J. J. Heard, trustee for the Heard National Bank, upon such property as he or his wife might acquire under the will of Harry Mason, or as his heirs at law, and also upon the same property as described in the first mortgage, which last mortgage was recorded in the public records of Duval county, and are two of the alleged securities purchased by the use plaintiff from the receiver; that subsequent to the recording of said last mortgage Harry Mason executed a last will and testament, disposing of all his property, leaving to George H. Mason $300, payable $25 per month, and leaving nothing to the wife of said George H. Mason.

The plea then alleges the sale of various pieces of property to certain individuals; that subsequently Bessie Mason, the widow of Harry Mason, made a last will and testament, but left no property to George H. Mason or his wife. It then proceeds to show the due appointment and qualification of the defendants as administrators; that by reason of the foregoing allegations said mortgages have no validity as a lien upon the respective properties described therein; that substantial parts of the properties described are still included in the estates of Harry Mason and Bessie Mason, being administered by the defendants, as administrators, and constitute clouds upon the title of the property being administered.

The plea then prays: (1) That the use plaintiff be enjoined from proceeding with the action of law on the ground of estoppel; (2) that the notes sued on may be declared not an obligation of Harry Mason; (4) that the mortgages may be delivered up for cancellation and the record of the one canceled; (5) that so much of the properties described in the mortgage as remained parts of the estates of Harry Mason and Bessie Mason, his widow, be declared free of the cloud created by the two mortgages.

After the disposition of the motion to strike said equitable plea and certain parts thereof,

the plaintiff filed his replication, admitting the allegations in the plea of filing the bill in the state court and the contents thereof, as set out in the plea, but denying the inconsistency of the positions of plaintiff in the action at law and the chancery suit, and that the remaining allegations of the paragraph are denied, and then proceeded in answer to the paragraph to allege that said chancery suit referred to in the plea is still pending and undisposed of, and the position taken in the equity suit has not been successfully maintained; that the positions taken in said equity suits were as to the capacity of Harry Mason to make a will in 1917, and not as to the notes in suit, or their validity, either as to the execution of same or subsequent ratification, or as to any estoppel of the said Harry Mason as to such execution. It then proceeds to allege that Harry Mason, in his lifetime, by acts and conduct set forth, became estopped to deny the execution of the notes in suit. He admits the making of the mortgages, but denies that George Mason did not have an interest in said property mortgaged in lot 1 and west half of lot 2, in block 41, and lot 3, in block 46, of Jacksonville.

The replication then proceeds to set out the reasons why George H. Mason was interested in those lots as a counterclaim, setting out substantially, I imagine, the allegations of his bill in the state court of a joint adventure between George H. Mason and Harry Mason, and allegations of the dealings with these three properties, claiming that the conveyances, etc., were invalid as against creditors, reiterating the charges of mental incapacity of Harry Mason, and seeking to bring other parties, to whom conveyances, etc., had been made by Harry Mason in his lifetime, and praying for injunction, accounting, etc.; that George H. Mason and Harry Mason may be declared to have each held an undivided interest in the three properties; that certain deeds of trust executed by Harry Mason, certain detainer proceedings, and the last will and testament of Harry Mason, may be declared null and void, and other prayers looking to the collection of the judgments and notes assigned to the use plaintiff.

[1] The defendants in the common-law action set down the plea and replication for a hearing upon the allegations of the plea and replication. The new parties sought to be brought in moved to dismiss as to them. The motion to dismiss, it seems to me, must be granted. Section 274b of the Judicial Code, as amended, provides (Comp. St. § 1251b): "That in all actions at law equi-

table defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defence seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject-matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal, the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

The Supreme Court in Liberty Oil Co., v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232, had occasion to construe this section. As I understand the decision, the court decided that the equitable issue raised by the plea must first be decided according to equitable rules and procedure, and, if a legal issue remained to be decided, such legal issue must be decided according to legal rules and procedure. Now, so far as these additional parties are concerned, the claims set out are in the nature of a counterclaim allowed by the equity rules to be set up in the answer performing the function of a cross-bill.

[2] As I understand equity practice, a defendant filing a cross-bill may not bring in new parties. This is what that portion of the replication attempts to do. Again, the act authorizing the interposition of equitable pleas in common-law actions provides for the plaintiff filing a replication in cases where relief is prayed by the plea. I cannot conceive that Congress used the word "replication" in any other sense than such word is well understood in equitable pleading and practice. To construe the language used as authorizing what is attempted in this case would enlarge that meaning beyond all bounds, and change the replication into, in effect, a cross-bill. The new parties sought to be brought in are necessary to the relief sought, and, the plaintiff not having the right to make them parties to this proceeding, the motions to dismiss as to them will be granted, but without prejudice to such rights as they may have.

[3] I now come to the consideration of the plea and replication thereto, touching the relief sought in the common-law action. If I was correct in denying the motion to strike,

# 146

it seems to me that the decree must be in favor of the defendants, enjoining further proceedings on the promissory notes as against the administrators of Harry Mason. I have re-examined the questions raised by the plea, and am still of opinion that the plea states an equitable defense. The facts upon which such defense is grounded in the plea are admitted in the replication, and not avoided, in my judgment, by the other facts set out. In fact, the mental state of Harry Mason from 1913 to the time of his death is reiterated in said replication, and, if such mental state existed during the time of the execution of the notes sued on, there could have been no estoppel, adoption, or authorization. An order will be entered enjoining the use plaintiff from proceeding further in the action at law.

[4] There is one further question in the case. The defendants pray for the cancellation of two certain mortgages, executed by George H. Mason and his wife, covering three pieces of property in the city of Jacksonville. The right to this relief depends upon the question and upon the fact whether Harry Mason had such sound and disposing mind at the time of making his will and the codicil thereto. This was one of the questions sought to be litigated in the part of the replication seeking to bring in new parties. Under the circumstances of this case, it seems to me that this question ought not to be decided in this litigation, and I therefore will enter a decree denying this relief, but without prejudice to the parties litigating the question in a proper proceeding, with the necessary parties present.

It will be so ordered.