### PROCTER & GAMBLE CO. v. J. L. PRESCOTT CO.

District Court, D. New Jersey.

May 26, 1932.

Charles P. Hutchinson, of Trenton, N. J., Joshua R. H. Potts and T. Bertram Humphries, both of Philadelphia, Pa., and Eugene Vincent Clarke and Basel H. Brune, both of Chicago, Ill., for the motion.

Cooper, Kerr & Dunham, of New York City, and Allen & Allen, of Cincinnati, Ohio, opposed.

AVIS, District Judge.

Plaintiff filed its bill of complaint to restrain the defendant from using the word "OXOL" on the product marketed by the defendant, alleging that it was an infringement of the trade mark word "OXYDOL" used by the plaintiff.

The bill of complaint also alleges unfair competition, and, in addition, prays for injunction and accounting and damages.

Defendant answered, and with the answer filed a counterclaim, based on an alleged infringement by plaintiff of the trade marked name "CHASE-O," claimed by defendant and displayed by it on its certain product, by the use of the word "CHIPSO" on the plaintiff's product, praying for an accounting and damages.

The plaintiff filed a pleading entitled "Answer to Counterclaim of Defendant," and annexed to this pleading a so-called counterclaim, asserting that it was entitled to use the word "CHIPSO," and that the use of the word "CHASE-O" by the defendant was an infringement of the plaintiff's rights in this particular, and asking for an accounting and damages.

Motion is now made to strike the counterclaim annexed to the plaintiff's reply, on the ground that it is an improper and illegal pleading, unjustified by precedents, and not permitted by the rules of this court.

The original equity practice permitted the filing of cross-bills to set up any defense arising out of the subject-matter stated in the bill of complaint.

By statute and rule in most of the states the right to counterclaim, an independent action, has been recognized; the object being, so far as possible, to dispose of all disputes between the parties in one action.

In the United States courts the pleading is controlled by the rules. Rule 30 (28 USCA § 723) is appealed to, in this case, and the pertinent part of this rule reads as follows: "The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set up any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court

to pronounce a final decree in the same suit on both the original and the cross-claims."

This rule is in derogation of the prior practice, and, as I see it, must be strictly construed. It does not in terms permit the filing of a counterclaim to a counterclaim, and I am convinced that a construction thereof, however liberal, would not justify the filing of such a pleading.

The case of American Mills Company v. American Surety Company, 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306, cited by counsel for the plaintiff, settles the disputed questions raised in some other cases as to the effect of rule 30. This case holds that the right to file a counterclaim as a separate suit is given under the above rule, but does not even intimate that plaintiff may file a counterclaim in reply to a counterclaim in the nature of an independent action filed by the defendant.

Counsel for the plaintiff also calls attention to the language of Judge Rellstab in Electric Boat Co. v. Lake Torpedo Boat Co. (D. C. N. J.) 215 F. 377. The statement referred to in that case I believe to be dictum, and, if not, I am unable to follow the conclusion reached, which indicated that the rules permitted the filing of a reply counterclaim.

In this connection, attention is directed to the case of Egyptian Novaculite Co. v. Stevenson (C. C. A. 8) 8 F.(2d) 576, 579, wherein the court said: "With the trial court's criticism of the pleadings we are in full accord. The commingling of legal and equitable causes of action such as was here attempted; the interposing of so-called counterclaims and cross-bills between the two defendant companies; the setting up by plaintiffs of new causes of action in their reply, were all examples of improper pleading in the federal court."

See, also, Williams v. Mason et al. (D. C. S. D. Fla.) 7 F.(2d) 143, wherein the court, inferentially at least, decided that counterclaims could not be filed by plaintiff.

The equity rules, as I view them, set up a complete system of disposing of all issues between the parties, in all cases where such issues should be litigated in one suit. Rule 19 (28 USCA § 723) provides for amendments generally and the adding of supplemental matter. Rule 26 (28 USCA § 723) permits the joining in one bill of as many causes of action as the plaintiff may have against the defendant. Rule 28 (28 USCA § 723) provides for amendments, as of course before answer filed, and, after pleading by

defendant, amendments may be made by consent of defendant or leave of the court or judge. Rule 30 (28 USCA § 723) as hereinbefore set forth, relates to answer and counterclaim. Rule 31 (28 USCA § 723), sets forth the method of filing replies to counterclaims, but contains no provision for setting up any claim for affirmative relief in reply.

The question of amendment of the bill so as to set forth a new cause of action may be debatable, and the court is not now required to decide that question.

I cannot, however, find any law or rule which will permit the filing by the plaintiff of a counterclaim in a reply pleading.

An order will be made striking the counterclaim.