SHERMAN NAT. BANK OF NEW YORK v. SHUBERT THEATRICAL CO.

(Circuit Court of Appeals, Second Circuit. November 13, 1917.)

No. 23.

1. COURTS ☞264(4)—JURISDICTION OF FEDERAL COURTS—ANCILLARY SUIT.
    A suit in equity in a federal court, one purpose of which is to enjoin the prosecution of an action at law in the same court, is ancillary to such action, and the jurisdiction of the court therein extends to the ancillary suit, regardless of the citizenship of the parties to the latter.

2. INTERPLEADER ☞16—RIGHT TO INTERPLEADER—"BILL IN NATURE OF INTERPLEADER."
    A suit by a bank holding money on deposit which is claimed wholly or in part by several parties, including complainant itself, adversely to each other, to have the rights in the deposit determined, is in the nature of a bill of interpleader, and within the jurisdiction of a court of equity.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bill in the Nature of Interpleader.]

3. COURTS ☞262(3)—RIGHT TO INTERPLEADER—EXISTENCE OF OTHER REMEDY.
    Judicial Code, § 274b, as added by Act March 3, 1915, c. 90, 38 Stat. 956 (Comp. St. 1916, § 1251b), authorizing the pleading of equitable defenses in actions at law and the granting of affirmative relief to the defendant therein contemplates only relief as between the original parties, and is not a bar to an ancillary suit, in the nature of a bill of interpleader, where other parties are necessary.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Sherman National Bank of New York against the Shubert Theatrical Company, impleaded, and others. From an order granting an injunction pendente lite, the defendant company appeals. Affirmed.

For opinion below, see 238 Fed. 225.

William Klein, of New York City (Simon Fleischmann and Martin Clark, both of Buffalo, N. Y., of counsel), for appellant.

R. B. Miller, of New York City (John Kirkland Clark, of New York City, of counsel), for appellee Sherman Nat. Bank.

Arthur W. Clements, of New York City, for appellee Welden Nat. Bank of St. Albans, Vt.

Rosenberg & Ball, of New York City (James N. Rosenberg and David W. Kahn, both of New York City, of counsel), for appellee Dittenhoefer.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. This is an appeal from an order of Learned Hand, J., granting an injunction pendente lite.

August 2, 1915, the Shubert Theatrical Company, a corporation of the state of New Jersey, brought an action at law in the United States District Court for the Southern District of New York against the Sherman National Bank, a corporation created under the laws of the United States engaged in business in the state of New York, to recover $11,938.20, the balance of an account, opened in November, 1911, designated "Blue Bird Special," upon which either Lee Shubert or Jacob J. Shubert was entitled to draw checks and upon which a check for the balance was drawn by Lee Shubert and payment refused July 19, 1915.

The answer of the bank, filed in September, 1915, admitted the existence of the account and of the balance, but denied that it was opened by the plaintiff and set up certain defenses, which were afterwards more fully set out in the bill now to be mentioned. In May, 1916, the bank filed this bill in equity in the same court against the Shubert Theatrical Company of New Jersey, Lee Shubert, and Jacob J. Shubert, Irving M. Dittenhoefer, as trustee in bankruptcy of Liebler & Co., and the Welden National Bank of Vermont.

The bill alleged that the complainant and the defendant the Welden National Bank had each advanced money to Liebler & Co.; that on or about October 17, 1910, Liebler & Co. had entered into an agreement with the Shubert Theatrical Company of New York whereby they were to receive one-half the profits of "The Blue Bird," so long as it proved to be profitable; that in the month of November, 1911, Lee Shubert and Jacob J. Shubert opened an account with the bank, designated "The Blue Bird Company Special" account, to be drawn on by either of them, and they then informed the complainant that the moneys deposited and to be deposited represented profits derived from the presentation of "The Blue Bird" under an agreement made with Liebler & Co.; that on or about May 15, 1912, Liebler & Co. assigned to the complainant and the Welden National Bank as security for the moneys owed to them 50 per cent. of the profits coming to them from the presentation of "The Blue Bird" during the seasons 1912–13 and 1913–14; that prior to their adjudication in bankruptcy both Liebler & Co. and the complainant had demanded of Lee and Jacob J. Shubert and the Shubert Theatrical Company of New York an ac-

counting of the profits of "The Blue Bird," but neither of them nor any one else has ever furnished such an account.

On or about December 7, 1914, the defendant Dittenhoefer, as receiver in bankruptcy of Liebler & Co., served upon the complainant an order of the District Court in bankruptcy restraining it from paying out any funds in its possession in which the alleged bankrupts had or claimed any interest. On or about March 31, 1915, Liebler & Co. were adjudicated bankrupts, and Dittenhoefer, having been chosen trustee, confirmed the service of the order by specific notice.

The prayer for relief was that all parties be enjoined from instituting or prosecuting any suit on account of the said deposit against the complainant, and particularly that the action at law of the Shubert Theatrical Company of New Jersey be stayed; that the Shubert Theatrical Company of New York render an account of the profits of "The Blue Bird" as between it and Liebler & Co.; that the court determine the rights of the various parties in and to the balance of the "Blue Bird Special" account.

The answer of the Shubert Theatrical Company of New Jersey put the complainant on proof of its case. The answer of the Welden National Bank admitted the allegations of the bill and prayed for similar relief. The record is defective in failing to show the citizenship of the defendants not answering, or whether the subpœna was or was not served upon them, or whether they were or were not beyond the jurisdiction of the court.

In the case of a res within the jurisdiction of the court the interests of persons without the jurisdiction are determined and disposed of as provided in section 57 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1102 [Comp. St. 1916, § 1039]). In the case of personal controversies, the rights of parties without the jurisdiction will not be prejudiced by the final decree in the cause. Equity rule 39 (198 Fed. xxix, 115 C. C. A. xxix).

The District Judge denied the defendant's motion to dismiss the complaint, and granted the complainant's motion for an injunction enjoining the defendant Shubert Theatrical Company of New Jersey from prosecuting the action in the District Court or any similar action in any other court.

The appellant relies for reversal on two grounds: First, it denies the constitutional jurisdiction of the court, because it says the suit is not ancillary to the action at law and there is a want of the required diversity of citizenship; second, it denies the equitable jurisdiction of the court, because the bill is not a bill of interpleader.

[1] We are clearly of opinion that the bill is ancillary to the action at law and that the court has complete jurisdiction of the cause because of the diversity of citizenship in the action at law. As a pleading its allegations would constitute an original bill, and this court would have no jurisdiction of it as such for want of proof of diversity of citizenship. But it is filed, among other things, to stay the action at law, and so is connected with and ancillary to it. The jurisdiction of this court over the action at law by virtue of the citizenship of the parties extends to the ancillary bill. Minnesota Co. v. Soutter, 2 Wall. 609,

17 L. Ed. 886; Krippendorf v. Hyde, 110 U. S. at p. 284, 4 Sup. Ct. 27, 28 L. Ed. 145. Mr. Justice Miller said in the former case (2 Wall. at p. 633, 17 L. Ed. 886):·

"But we think that the question is not whether the proceeding is supplemental and ancillary, or is independent and original, in the sense of the rules of equity pleading, but whether it is supplemental and ancillary or is to be considered entirely new and original, in the sense which this court had sanctioned with reference to the line which divides the jurisdiction of the federal courts from that of the state courts. No one, for instance, would hesitate to say that, according to the English chancery practice, a bill to enjoin a judgment at law is an original bill in the chancery sense of the word. Yet this court has decided many times that, when a bill is filed in the Circuit Court to enjoin a judgment of that court, it is not to be considered as an original bill, but as a continuation of the proceeding at law; so much so that the court will proceed in the injunction suit without actual service of subpœna on the defendant, and though he be a citizen of another state, if he were a party to the judgment at law."

[2] Constitutional jurisdiction of the parties being established we come to a further inquiry: Is the subject-matter of the bill within the jurisdiction of equity? It is true that in most of the cases cited there was a res within the jurisdiction of the court. Although we do not think this fact essential, there is strong ground for saying that the account is such a res in this case.

Here an account was opened by two individuals, each of whom had authority to draw upon it, and at the same time the bank was told that the moneys were coming from a particular source to be deposited under an agreement between named parties. This was notice to the bank that if the account was not opened entirely for those parties at least they had an interest in it. The ownership of the account, both wholly and in part, is claimed by different persons, viz. the Shubert Theatrical Company of New Jersey, by the trustee in bankruptcy of Liebler & Co., and by the Welden National Bank, assignee of Liebler & Co. If the case stopped here it seems to us plain that the bank would be exposed to the danger of paying the balance, either in whole or in part, to four different persons, to wit, the Shubert Theatrical Company of New Jersey, the trustee of Liebler & Co., the Welden National Bank, and the Shubert Theatrical Company of New York, if it chose to sue. Nothing but a bill of interpleader in equity could protect the bank from this danger.

Although the relation of a bank to a depositor is that of debtor and creditor, still here there is an indebtedness, the bank knows not to whom, and although the bank may be regarded as merely debtor to the person or persons opening the account, whoever they may be proved to be, still, as between competing claimants, the moneys in the account should be treated as a special fund. The bank is ready and willing to pay it into court, if it be required. St. Louis & Iron Mountain Ry. Co. v. McKnight, 244 U. S. 368, 37 Sup. Ct. 611, 61 L. Ed. 1200 on which the appellant relies, does not apply. It was an attempt to consolidate a multitude of separate controversies in no way connected with each other, or with any particular fund or any specific duty, in one suit. But, whether the account be regarded as a special fund or not, the bank is certainly under a duty or obligation which is claimed

.of it by several parties adversely to each other, so that a typical case of what equitable interpleader is intended to protect is presented.

[3] The Shubert Theatrical Company of New York insists that since the amendment to the Judicial Code by Act March 3, 1915 (38 Stat. 956), adding section 274b, the complainant can have in the action at law the very relief asked for in the bill, which is a conclusive objection, if true. The section reads:

"Sec. 274b. That in all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject-matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

We construe this section as contemplating relief between the original parties. The earlier language is expressly restricted to defenses and the subsequent provision as to affirmative relief should be read as relief against the complainant only, so that in an action at law the defendant may have the same relief he can in a suit in equity under equity rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi), viz. an affirmative judgment against the complainant by counterclaim in the answer, instead of having to file a cross-bill as the old practice required.

Although the bill is not strictly one of interpleader, because the complainant is not a mere stakeholder, but itself claims an interest in the account, it is one in the nature of interpleader. This was recognized in Groves v. Sentell, 153 U. S. 485, 14 Sup. Ct. 898, 38 L. Ed. 785, Killian v. Ebbinghaus, 110 U. S. 568, 4 Sup. Ct. 232, 28 L. Ed. 246, and McNamara v. Provident Life Assurance Society, 114 Fed. 912, 52 C. C. A. 530. In the Killian Case the plaintiff was not in possession of anything, nor subject to liability to different claimants for the same thing or duty, so that equitable relief was denied him. See, also, Hayward v. McDonald, 192 Fed. 893, 113 C. C. A. 368.

The order is affirmed.