## DUELL v. GREINER (two cases).

(District Court, S. D. Florida. September 29, 1926.)

Nos. 2478, 2479.

**1. Parties ⬦⇒53—Defendant, by equitable plea in action at law, may bring in new parties (Judicial Code, § 274b [Comp. St. § 1251b]).**

Under the provision of Judicial Code, § 274b (Comp. St. § 1251b), that a defendant, filing an equitable answer or plea in an action at law, shall have the same rights as if he had filed a bill embodying the defense or seeking the relief prayed for in such answer or plea, he may bring in new parties.

**2. Evidence ⬦⇒418—Personal note may be shown by parol to be partnership obligation.**

That a note in suit, though signed by individuals, was in fact, the obligation of a partnership, in which plaintiff, the payee, was one of the partners, may be shown by parol.

**3. Equity ⬦⇒46.**

A defense at law, to exclude jurisdiction in equity, must be as adequate and full as that provided by equity.

**4. Courts ⬦⇒347.**

Under the new equity rules, a demurrer is not applicable to an equitable plea filed in an action at law (Judicial Code, § 274b [Comp. St. § 1251b]).

At Law. Action by Holland S. Duell against Stuart R. Greiner. On motion of plaintiff to strike plea setting up equitable defense. Denied.

Baker, Baker & Rutherford, of Jacksonville, Fla., for plaintiff.

G. P. Garrett, of Orlando, Fla., for defendant.

CALL, District Judge. This cause comes on for a hearing upon the motion of plaintiff to strike the plea of defendant setting up equitable defenses. The declaration is in two counts upon a promissory note in which the plaintiff is payee.

The defendant, one of the promisors, alleges in his plea that the note was given in the form it bears to raise money to carry out a partnership arrangement between the payee, the defendant, and two other persons, one of whom joined in the execution of the note, by which partnership agreement each of the partners was bound to pay one-fourth of the note; that the note was the debt of the partnership—and prays, among other things, to make the other persons composing the partnership parties, and to wind up and settle the partnership affairs, offering to pay his proportion of such partnership indebtedness.

The motion is to strike the plea, not any particular portion of it. To sustain the plea,

new parties will have to be brought into the case.

[1] One of the contentions of plaintiff is that this cannot be done by an equitable plea in a common-law action, and it was so held in Breitung v. Packard (D. C.) 260 F. 895. This decision was rendered in 1919, and by the remarks of the judge rendering the decision it is apparent that his view was that the equitable plea did not change the nature of the action, and this seems to have been the view of the Circuit Court of Appeals in Liberty Oil Co. v. Condon Bank, reported in 260 U. S. 237, 43 S. Ct. 118, 67 L. Ed. 232, before the Supreme Court on certiorari.

Section 274b of the Judicial Code (Comp. St. § 1251b) contains this: "The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea." The question, therefore, is: Could a defendant, seeking by bill in chancery to set up his equitable defense against the common-law action, have made new parties not in the common-law suit? I think he. unquestionably could. Since the decision in Liberty Oil Mills v. Condon, supra, I think the question is settled in the affirmative. The question in Williams v. Mason et al. (D. C.) 7 F.(2d) 143, was: Could new parties be brought in by replication? This is a very different question. Under the section, the replication would take the place of the answer or cross-bill, not of independent bill, as is the case of an equitable plea.

[2] It is also contended that this plea violates the rule that an agreement reduced to writing cannot be contradicted or varied by parol proof of prior or contemporary agreements. I do not think this rule is applicable to the case made by the plea in this case. This question was gone into fully in the case of C. & J. Camp v. Miller (D. C.) 300 F. 579.

[3] Another contention was that the facts pleaded in the equitable plea showed that the defendant had a complete defense at law. A defense at law, to oust the court of equity, must be full, adequate, and complete. As I understand it, the defense must be fully as adequate and full as that provided by equity. It will scarcely be contended that common law can afford such full and adequate defense in this as is sought in this equitable plea; a terminated partnership to be settled, and the rights of the partners, of whom the plaintiff is one, to be adjudicated. It seems to me that the case of Liberty Oil Mills v. Condon, supra, settles this contention against the plaintiff.

The plea seeks to recover certain amounts

from the partnership for compensation, etc., and it is contended that a partner may not do this, except upon express agreement. The question raised here I cannot consider on this motion. The motion is to strike the plea as a whole, not any particular portion.

[4] There was also a general demurrer interposed. Under the new equity rules and section 274b, as construed by the Supreme Court, I do not think a demurrer is applicable to an equitable plea. Therefore I have considered the motion to strike instead.

The motion to strike will therefore be denied. It will be so ordered.

The same order will be entered in 2478, where the same questions are raised.