## IRVING TRUST CO. v. MARINE MIDLAND TRUST CO. OF NEW YORK.

District Court, S. D. New York.
Feb. 24, 1931.

Cook, Nathan & Lehman, of New York City (Edward M. Souza, of New York City, and Thomas Epstein, of Brooklyn, N. Y., of counsel), for the motion.

Garey & Garey, of New York City (Earl J. Garey, of New York City, of counsel), for Eybro Corporation.

Williams & Saxe, of New York City (William L. Wemple, of New York City, of counsel), for Marshall I. Warrin.

WOOLSEY, District Judge.

This motion is granted provisionally under the general prayer thereof, but in such a modified form as perhaps to be almost unrecognizable.

I. Whilst the situation here is multipartite, it is not really complicated.

A stock dealing corporation, Broomhall, Killough & Co., Inc., is in bankruptcy, and the plaintiff, Irving Trust Company, its trustee, has brought suit against the Marine Midland Trust Company of New York to recover certain securities alleged to have been obtained from the bankrupt as a wrongful and illegal preference by the said defendant within four months prior to the petition in bankruptcy.

The securities taken by the defendant trust company for the present purposes may be described as consisting of three categories:

1. In the first category are certain securities which are claimed from the defendant, so far as here appears, only by the trustee.

2. In the second category are certain other securities which are claimed not only by the trustee but also by the Eybro Corporation, which has brought an action at law in this court claiming a conversion of the said securities by the defendant here.

3. In the third category there is another lot of securities which is claimed not only by the trustee, but also by Marshall I. Warrin, who has brought an action at law in the New York Supreme Court for Suffolk County, claiming as does the Eybro Corporation, that

908

the Marine Midland Trust Company of New York has converted the said securities.

Reclamations in the bankruptcy proceeding pending in this court have been begun against the trustee, plaintiff herein, both by the Eybro Corporation and by Warrin to get their respective securities from the trustee's portfolio.

■ II. The defendant's purpose on this motion is the prevention of two situations which equity holds in abhorrence:

1. A possible double recovery against a party; and

2. Multiplicity of suits involving issues which can be conveniently tried together.

Whilst I approve the defendant's purpose, its procedure for the attainment thereof is not in my opinion proper.

■ III. A suit in equity by a trustee in bankruptcy to set aside an alleged preference such as this is founded for jurisdiction of its subject-matter in this court on the special jurisdiction granted in respect of such suits by the sections of the Bankruptcy Act invoked here, section 60b and section 70e, 11 USCA §§ 96 (b), 110 (e).

The conformity act (title 28, USCA, Judiciary, § 724), by its terms excludes equity suits pending in federal courts from its operation. Therefore, whilst the provisions of the New York Civil Practice Act may be used to convert an action at law into a suit in equity, cf. Liberty Oil Co. v. Condon Nat. Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232; Duell v. Greiner (D. C.) 15 F.(2d) 726; Federal Mining, etc., Co. v. Bunker Hill, etc., Co. (C. C.) 187 F. 474, 476, after the conversion has occurred and the suit becomes a suit in equity, it is transferred to a part of the federal court which has its own procedure prescribed by rules promulgated by the Supreme Court under statutory authority and hence is not affected by any State rules of procedure.

A fortiori, a suit in equity originally brought in the federal court is never in any way affected by the procedure obtaining in the courts of the state in which the federal court is sitting.

Accordingly, whatever may be the practice under the New York Civil Practice Act as to joinder of new parties, it is not of interest to me when dealing with a case on the equity side of this court.

■ IV. In my opinion, neither Equity Rule 29 nor Equity Rule 37 (28 USCA § 723) sustains the practice here attempted by the defendant.

Jurisdiction of the person has to be secured by some mesne process or writ. In federal equity suits this process, as is well known, is called a subpoena. Equity Rule 7 (28 USCA § 723).

In the motion, as made, the papers do not lay any foundation for the issuance of such a writ which would be necessary to bring in independent parties, such as the Eybro Corporation and Warrin.

Neither a cross-bill nor a counterclaim may be filed in equity to bring in new parties. United States v. Woods, 223 F. 316, 317 (C. C. A. 8); Looney v. Thorpe Bros., 277 F. 367, 370 (C. C. A. 8).

It is obvious, therefore, that in order to achieve its purpose the defendant must take some other steps than those suggested herein as the principal basis for its motion, if it is to succeed in bringing together issues which can be and certainly should be dealt with, if possible, in one trial before this Court.

■ V. I think that a procedure, which would be jurisdictionally safe and structurally proper, would be for the defendant to file two bills in the nature of bills of interpleader, ancillary to this suit or dependent thereon, one naming the trustee, plaintiff herein, and the Eybro Corporation as defendants, and the other naming the trustee, plaintiff herein, and Warrin as defendants.

Bills in the nature of interpleader are well known in the federal courts. Cf. Groves v. Sentell, 153 U. S. 465, 485, 486, 14 S. Ct. 898, 38 L. Ed. 785; Federal M. & S. Co. v. Bunker Hill, etc., Co. (C. C.) 187 F. 474, 478; Sherman National Bank v. Shubert Theatrical Co. (D. C.) 238 F. 225, affirmed 247 F. 256 (C. C. A. 2). For state court precedents of a similar kind, see Bedell v. Hoffman et al., 2 Paige (N. Y.) 199, 200, and Aleck v. Jackson et al., 49 N. J. Eq. 507, 509, 23 A. 760.

VI. If such suits are instituted—after they have been properly begun and the necessary service of subpoena has been made on the defendants therein named—the Marine Midland Trust Company of New York, defendant herein, on filing of an approved bond for $2,500 in each interpleader case, may have an injunction pendente lite against the Eybro Corporation and Warrin, respectively, enjoining them from proceeding with their respective legal actions until the final determination herein of the bills in the nature of an interpleader. If aught then remains to be tried in the actions at law, the several plaintiffs will then have their jury trial in respect of such residual issues.

If and when issue is joined on such bills in the nature of an interpleader, ancillary hereto, a calendar order preferring them will be signed and entered so that they may be tried at the same time as this suit.

The procedure suggested I think combines the advantage of being both safe and fair, and at the trial of the three suits the ultimate issues in respect of all the securities, no matter in which of the above-named categories they may fall, can be determined as between the four parties involved.

In order to insure that the above suggested procedural arrangement may be effectuated, I hold jurisdiction of this motion and will entertain and sign orders not inconsistent herewith when they may from time to time be submitted to me.

Meantime an order may be entered herein granting this motion provisionally and staying the trial herein and any motions for a preference of this suit for a period of thirty days from the date of such order to enable the defendant, if so advised, to institute the ancillary suits hereinabove suggested and further providing that if such proceedings or other proceedings looking to the same end are not commenced during the said period this motion will be denied.

Settle order on three days' notice.