**MARINE MIDLAND TRUST CO. OF NEW YORK v. IRVING TRUST CO. et al.**

District Court, S. D. New York.
Jan. 29, 1932.

386

Cook, Nathan & Lehman, of New York City (Ben Herzberg, of New York City, and Thomas Epstein, of counsel), for plaintiff.

Earl J. Garey, of New York City (William Helfer, of New York City, of counsel), for defendant.

MACK, Circuit Judge.

On July 2, 1930, plaintiff, hereinafter called Marine, received from Broomhall, Killough & Co., Inc., broker, subsequently adjudicated bankrupt, a large block of stock as security for a loan under a broker's day loan agreement. On October 15, 1930, the Irving Trust Company, hereinafter called trustee, as trustee in bankruptcy of Broomhall, Killough & Co., Inc., challenged the transfer as preferential in a suit in equity in this court against Marine. On October 20, 1930, the Eybro Corporation, hereinafter called Eybro, brought an action at law in this court in which it asserted ownership of 720 shares in a New York Corporation included in the stock so pledged to Marine and charged Marine with conversion thereof. Shortly thereafter, a similar action founded on a similar claim as to other stock similarly held by Marine was brought in the Supreme Court of New York for Suffolk county by Warrin, another claimant.

On December 8, 1930, Marine moved in the original suit, brought against it by trustee, to have Eybro and Warrin joined as defendants therein and enjoined from prosecuting their respective actions. Judge Woolsey, before whom the motion came on to be heard, approved Marine's purpose, but not its choice of procedure. In his opinion, Marine's remedy was by bills in the nature of bills of interpleader against Eybro and Warrin, ancillary to trustee's suit. Irving Trust Co. v. Marine Midland Trust Co. (D. C.) 47 F.(2d) 907. Pursuant to this opinion, by order of March 10, 1931, the prosecution of trustee's suit, in which trial preference had been asked, was stayed for thirty days, and Eybro and Warrin enjoined for a like period; continuance pendente lite of the injunction against Warrin and Eybro was conditioned on the commencement of ancillary suits within that time and the filing of bonds; jurisdiction of the motion was retained.

Accordingly, bills in the nature of bills of interpleader were brought by Marine, the one against Warrin and trustee, and the other, the present suit; on April 14, 1931, the order for an injunction pendente lite was issued. Eybro prosecuted appeals from the interlocutory orders of March 10, 1931, and of April 14, 1931, but subsequently stipulated for their dismissal.

On September 18, 1931, a motion to dismiss in the companion suit against Warrin and trustee was denied by me on the ground that, "While Judge Woolsey did not pass upon the sufficiency of this bill and his decision in the proceeding to which this bill is ancillary is strictly speaking therefore not binding upon me, he did direct the bill to be filed and conditioned the relief in the primary case thereon, apparently after full consideration of the very objections now made to its sufficiency. In these circumstances I deem it proper if not necessary for another judge acting in this court to hold the bill sufficient and to compel a review thereof in the appellate tribunal. I may add however that for the reasons urged by plaintiff, my own opinion is in accord therewith." [1]

In its answer to the original bill herein, trustee took the position that as between itself and Eybro it would concede the latter's right to the 720 shares in dispute. In its answer to the amended bill, however, filed before the present motion, it asserted title to the 720 shares as against both Marine and Eybro.

The amended bill alleged all of the facts hereinabove set out, except those relating to the controversy with Warrin, to the successive answers filed by the trustee, and to the appeals. Eybro now moves to dismiss the bill, or, in the alternative, to vacate Judge Woolsey's order of April 14, 1931, to compel a further and better statement and better particulars, to restrain Marine from proceeding further in the suit or in any other suit in respect of the same subject-matter, and to grant a trial preference in its action at law pending in this court.

The motion to dismiss is predicated upon alleged insufficiency, lack of jurisdiction ap-

---

[1] Memorandum indorsed on notice of motion.

pearing on the face of the bill and failure to annex an affidavit of no collusion to the amended bill. Eybro's case is in this aspect largely identical with that of Warrin on the latter's motion to dismiss, referred to above. Owing to extensive briefs and argument of counsel, however, I have examined the matter herein anew.

Eybro challenges the sufficiency of the bill on the triple score of absence of allegedly indispensable "privity," assertion by Marine of an interest in the subject-matter in controversy, and Marine's alleged culpability as a "wrongdoer." Judge Woolsey's decision [(D. C.) 47 F.(2d) 907, supra], and orders issued pursuant thereto, involved the resolution in favor of Marine of an inquiry relating to each of the defects now asserted. Eybro's argument to the merits before Judge Woolsey, and its subsequent appeals from both orders, constituted an appearance. As I indicated in my opinion on the Warrin motion, I account it my duty in an ancillary proceeding such as this to follow Judge Woolsey's decision, even though, since the bill was not before him, it is not res judicata as to the present controversy. I have, moreover, expressed in the Warrin suit and I now repeat my concurrence in his views.

The contention that Marine is a wrongdoer begs the very question in issue, inasmuch as the bill alleges that Eybro delivered both the certificates and a stock transfer power to the bankrupt, and that Marine made the loan in reliance thereon and without notice of any defect of title or absence of power in the bankrupt to pledge them. The two remaining contentions must fail in the light of Sherman National Bank of New York v. Shubert Theatrical Co., 247 F. 256 (C. C. A. 2d 1917), affirming the decision of Judge Learned Hand in 238 F. 225 (D. C. S. D. N. Y. 1916). Cf. Z. Chafee, Jr., Modernizing Interpleader (1921) 30 Yale L. J. 814, for a thorough discussion of "privity." In the light of the Sherman Bank Case and Chafee's discussion of numerous cases considered in this article and also in his later article on Interstate Interpleader, 33 Yale L. J. 685, I do not deem the kind of "privity" originally held essential to an interpleader or to a bill in the nature of interpleader, to be required for the maintenance of such a bill. That one is subject to two or more judgments and thus to double or greater liability, if and when but one obligation has been entered into, suffices. Likewise, in absence of an estoppel or of independent obligations entered into in respect of property, conflicting claims to the same piece of property, each of which might be sustained when in justice the possessor should be subject to but one claim, justifies such a bill.

Eybro attacks the bill, too, on the ground that the allegations show no valid lien, under the case of In re Perpall, 261 F. 858 (C. C. A. 2d 1919). The situation therein differs from that set forth in this bill in the decisive particular that in the Perpall Case delivery on the day of agreement (pursuant to section 230 of the Lien Law of New York [Consol. Laws N. Y. c. 33]) was never made.

That the answer of trustee to the original bill of interpleader concedes the claim of Eybro to be paramount is immaterial. Even if such an answer could be considered on a motion to dismiss directed to the amended bill, trustee's subsequent change of position by its answer to the amended bill nullifies whatever significance it might otherwise have had.

Eybro also asserts that the bill fails to make the requisite offer to do equity, i. e., to bring the securities involved in the dispute into court. The first prayer in the amended bill, together with the allegations that the securities are in the possession of Marine within this district, constitutes, in my judgment, a sufficient offer to do equity.

In one respect, however, while Eybro's motion to dismiss for insufficiency cannot be sustained, further particulars should be given either by amendment or by bill of particulars. The allegation that "said certificates of stock, or so many thereof as were released with the proceeds of the loan, came into the possession of the plaintiff on the day when said loan was made and on which said agreement was executed and delivered" is too vague as to the number of shares on which Marine asserts a lien by reason of delivery on the day when the loan was made under the day loan agreement.

Eybro asserts lack both of federal and equity jurisdiction under the allegations of the bill. Federal jurisdiction arises from the character of the suit, ancillary to two proceedings pending in this court, as to each of which jurisdiction is undisputed; the action at law brought by Eybro against Marine in which the ground of jurisdiction is diversity of citizenship and the suit by trustee against Marine to recover an alleged preference. Cf. Sherman National Bank of New York v. Shubert Theatrical Co., supra; Irving Trust Co. v. Marine Midland Trust Co. of New York, supra. The denial of equity ju-

risdiction is bottomed on the asserted adequacy of the remedy at law. Eybro contends that the Conformity Act (28 USCA § 724) and rules render a procedural step, which, it asserts, would be possible in the courts of the state of New York, joinder of the trustee as a codefendant in the action at law brought by Eybro, available to Marine. But Judicial Code § 274b, 28 U. S. C. § 398 (28 USCA ·§ 398) providing for equitable defenses in actions at law, contemplates relief only between the original parties. Sherman National Bank of New York v. Shubert Theatrical Co., supra.

So much of the attack on the bill as is based upon the absence of any showing that trustee has been restrained from the prosecution of its suit in equity is ineffective to bar this suit. Such a stay may be obtained in that case on proper motion; moreover, under the prayer for general relief herein, trustee's suit can be enjoined or consolidated and the entire controversy here determined.

Marine vice president's affidavit of December 8, 1930, of no collusion, filed in support of the application for an order to show cause made to Judge Woolsey, under which the orders of March and April, 1931, were made, and his similar affidavit of September 21, 1931, in the proceedings herein, suffice in this respect.

The motion to vacate the order of April 14, 1931, must fail. In my judgment, as I have indicated above, Eybro had subjected itself to the jurisdiction of this court in the hearing before Judge Woolsey.

The remaining requests of Eybro, in view of the foregoing, must be denied.

Motion to dismiss bill and to vacate Judge Woolsey's order denied; motion for further particulars granted in the one respect above indicated.