## MARINE MIDLAND TRUST CO. OF NEW YORK v. EYBRO CORPORATION.

Circuit Court of Appeals, Second Circuit.
May 5, 1932.

Cook, Nathan & Lehman, of New York City (Ben Herzberg, of New York City, and Thomas Epstein, of Brooklyn, N. Y., of counsel), for appellee Marine Midland Trust Company of New York, for the motion.

Garey & Garey, of New York City (Earl J. Garey and William Helfer, both of New York City, of counsel), for appellant Eybro Corporation, opposed.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a motion to dismiss the appeal of Eybro Corporation from an order granted February 4, 1932, refusing to dissolve an injunction granted April 14, 1931.

On July 2, 1930, the Marine Midland Trust Company loaned $200,000 to Broomhall, Killough & Co. under a day-loan agreement and received certain securities from the latter company as collateral security for the loan. The next day Broomhall, Killough & Co. filed a voluntary petition in bankruptcy and was adjudicated a bankrupt. Thereafter Irving Trust Company, which had become trustee in bankruptcy, brought suit against the Marine Midland Trust Company in the United States District Court for the Southern District of New York to have the day-loan agreement declared invalid and the securities which it had received under the agreement returned on the ground that their transfer constituted an illegal preference under section 60b of the Bankruptcy Act (11 USCA § 96 (b). Thereafter Eybro Corporation brought an action of replevin in the same court against the Marine Midland Trust Company to recover certain shares of stock which formed part of the above-mentioned collateral on the ground that they were in fact the property of Eybro and had wrongfully been transferred by Broomhall, Killough & Co. to the Marine Midland Trust Company. One Warrin likewise brought an action in the New York Supreme Court against the Marine Midland to recover certain other shares of the collateral.

The Marine Midland Trust Company being sued by the trustee for the recovery of all the collateral, and by the Eybro Corporation and Warrin for parts of it, obtained an order in the suit by the Irving Trust Company requiring Eybro and Warrin to show cause why they should not be made parties defendant in the trustee's suit and be enjoined from proceeding with their separate actions. The order to show cause provided that it should be served on the attorneys for the plaintiffs in those actions.

Upon the return of the order to show cause the attorneys for Eybro appeared and opposed the motion, whereupon Judge Woolsey held that the court had no power to bring new parties into the Irving Trust Company suit, on the application of Marine Midland, but that the proper procedure was for the latter company to file ancillary bills against Eybro and Warrin in the nature of bills of interpleader. By order of March 10, 1931, he directed that after the filing of such ancillary bills an injunction should issue against Eybro and Warrin restraining them from proceeding with their respective actions and in the meantime stayed the trial

of the Irving Trust Company suit and retained jurisdiction of the motion made by Marine Midland for an injunction therein.

We are not here concerned with the action by Warrin which in no way affects the proceedings in this court.

In conformity with Judge Woolsey's order, Marine Midland filed an ancillary bill in the nature of a bill of interpleader against Eybro Corporation and Irving Trust Company, praying that Marine Midland be adjudged to have a valid lien upon the shares of stock held as collateral by it and that pending the ancillary suit an injunction issue restraining the Eybro Corporation from proceeding with its action of replevin.

No subpœna was served on Eybro in the ancillary suit, but its attorneys were served with four days' notice that a proposed order for an injunction restraining Eybro from proceeding with its replevin action would be submitted to Judge Woolsey on April 13, 1931. The proposed order recited that it was made upon the ancillary bill and on the order of Judge Woolsey of March 10. No one appeared on April 13 on behalf of Eybro, and on April 14 Judge Woolsey signed the order. Eybro appealed from this order within thirty days but later the appeal was withdrawn, without prejudice, by stipulation of all parties.

On September 17, 1931, the attorneys for Eybro moved in the ancillary suit: To vacate Judge Woolsey's order of April 14, 1931, to restrain Marine Midland from proceeding further with that suit, to dismiss the bill therein, and to be allowed a preference in the trial of the replevin action brought by Eybro against Marine Midland. This motion was made upon an amended bill which had been filed in the ancillary suit, upon the original bill, the answers of the trustee to each bill, and upon an affidavit of the attorney for Eybro setting forth that the order of April 14, 1931, had been entered without a hearing and that no subpœna in the suit had been served on Eybro. The motion was denied by Judge Mack. From his order the present appeal was taken.

■ The first question is whether Judge Woolsey's order of April 14, 1931, was made after a hearing. He had heard Eybro's attorney on the motion by Marine Midland in the original suit by Irving Trust Company and had provided in his order of March 10, 1931, that after the filing of the ancillary bill an injunction should issue against Eybro restraining it from proceeding with its action of replevin. Thus there was a hearing as to the injunction on the merits in the original suit. But it may properly be said that that hearing was on a motion under which Judge Woolsey had held that he could not issue an injunction and that it could only be granted in an ancillary suit. The motion in the ancillary suit for an order enjoining Eybro from so proceeding was, however, though in form only a notice of the submission of a proposed order, in effect a motion for an injunction like the one forecast and indeed provided for in the order of March 10. It gave them a chance to come into court and question the relief sought by Marine Midland. Doubtless they neglected to oppose the granting of the injunction contained in Judge Woolsey's order of April 14, 1931, because they had argued the merits before him on the previous motion and he had indicated both in his opinion in Irving Trust Co. v. Marine Midland Trust Co. (D. C.) 47 F.(2d) 907, and in his order of March 10, 1931, exactly what he would do. Service upon Eybro's attorneys in the replevin action of notice of the proposed order in the ancillary suit was enough to give the court jurisdiction to issue the temporary injunction of April 14. Franz v. Franz (C. C. A.) 15 F.(2d) 797. The ancillary suit was commenced by the filing of the bill of complaint and service of process was not necessary as in an action at law to give the court jurisdiction of the proceeding. Farmers' Loan & Trust Co. v. Lake Street Elevated Railroad Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667. Eybro had come into the jurisdiction to recover possession of some of the shares of stock held by Marine Midland. Reasonable notice to the attorneys for Eybro in the replevin action was sufficient to give the court power to make an order restraining it from proceeding with the action at law. Franz v. Franz (C. C. A.) 15 F.(2d) 797.

■ Inasmuch as the order of April 14, 1931, which granted an injunction in the ancillary suit, was made after a hearing, an appeal from Judge Mack's order of February 4, 1932, denying a motion to vacate it, would only lie in case his order was made, not after what was equivalent to a mere rehearing of the former motion, but upon a new state of facts. This is the effect of our recent decision in Cuno Engineering Corp. v. Hudson Auto Supply Co., 49 F.(2d) 654. We followed Baker v. Walter Baker & Co. (C. C. A.) 83 F. 3, and distinguished American Grain, etc., Co. v. Twin City, etc., Co.

(C. C. A.) 202 F. 202. The question, therefore, is whether the motion for an injunction before Judge Mack resulting in his order of February 4, 1932, was essentially a rehearing of the motion for an injunction before Judge Woolsey on which he made the order of April 14, 1931. If so, Eybro cannot extend its time to appeal from the original order by making the new motion, and the appeal now before us will have to be dismissed.

■ The grounds stated in the affidavit of Eybro's attorneys for vacating the injunction in the order of April 14, 1931, were that: (1) Prior to the entry of the order Marine Midland had not served a subpœna on Eybro but had only moved ex parte on its bill for the issuance of the injunction granted by the order; (2) after the date of such order and prior to the motion to vacate, Eybro had been served with a subpœna and had thereupon for the first time appeared generally and moved to vacate the order; (3) Eybro had never been served with the injunction order of April 14.

We can find in the foregoing items no new facts which rendered the motion before Judge Mack more than a rehearing of the motion before Judge Woolsey. As we have already pointed out, service of the subpœna was not necessary to warrant the granting of the injunction pendente lite, since service of a notice of motion on the attorneys who represented Eybro in the replevin action was sufficient to give the court jurisdiction to proceed. If Eybro wished to question the propriety of granting an injunction where a subpœna had not been served, that point was open on the motion before Judge Woolsey and could not be regarded as a new consideration for Judge Mack. The service of a subpœna upon Eybro some months after the order of April 14, 1931, and its subsequent formal appearance and motion to vacate, gave it no additional rights. · Its attorneys had notice of the motion for the order of April 14. It could have appeared before Judge Woolsey on the return day to oppose that motion and the court had jurisdiction to enter the order upon its default. The failure to serve the injunction order could furnish no reason for vacating the injunction. The only purpose of service would be to notify Eybro's attorneys of the injunction. That they learned of it is evident from the fact that they took the appeal (which they afterwards withdrew) within the statutory time.

■ The only fact before Judge Mack which might arguably be considered new was the allegation in the original answer of the trustee filed after the entry of the order of April 14, 1931, that the trustee asserted no claim to the shares of stock involved in the replevin action by Eybro. · This allegation, however, was omitted from the answer of the trustee to the amended ancillary bill and by that answer. the right to those shares was again claimed. If the admission of the original answer of the trustee could be regarded as affording Eybro a new defense to the ancillary suit, Eybro did not move to dissolve the injunction of April 14, 1931, on the ground that an interpleader could not be had where the trustee had once abandoned its claim or because Marine Midland had an adequate legal defense to the replevin action, so that a bill of interpleader was unnecessary.

■ The amended ancillary bill alleged that the shares of stock in dispute were held by Marine Midland within the Southern District of New York. It is said that this was an allegation of a new and material fact, because such a situs of the stock would afford a basis for substituted service under section 57 of the Judicial Code (28 USCA § 118) which did not before exist. But not only did the general appearance of Eybro before the motion to vacate was made render service under section 57 unnecessary, but the presence of the res within the jurisdiction did not affect the right to obtain a valid injunction against Eybro which had already been exercised through service of notice of motion upon its attorneys in the replevin action.

It is evident from the foregoing that the motion to vacate was a mere attempt to secure a rehearing of Judge Woolsey's order and that accordingly no appeal lies from the order of February 4, 1932, denying the motion to vacate the injunction of April 14, 1931.

■ If any right of appeal had existed, it would only have been from such part of the order of February 4, 1932, as denied the motion to vacate the injunction. No appeal would lie from that part of the order which denied the motion to dismiss the bill because it was not final. Radio Corporation of America v. J. H. Bunnell & Co. (C. C. A.) 298 F. 62. Likewise no appeal would lie from the part of the order which denied the motion to stay the ancillary suit itself because such a stay is not an injunction with-

in the meaning of the statute (Judicial Code § 129, as amended [28 USCA § 227]). Emery v. Central Trust & Safe Deposit Co. (C. C. A.) 204 F. 965, at page 968; Griesa v. Mutual Life Ins. Co. (C. C. A.) 165 F. 48, at page 50.

The motion to dismiss the appeal is granted.