PHILLIPS v. SECURITIES AND EXCHANGE COMMISSION et al.

PHILLIPS et al. v. UNITED CORPORATION.

Nos. 57, 58, Dockets 20523, 21078.

United States Court of Appeals Second Circuit.

Dec. 6, 1948.

Randolph Phillips, of New York City, petitioner and plaintiff-appellant, pro se.

Roger S. Foster, Gen. Counsel, Securities and Exchange Commission, of Washington, D. C. (William R. Nowlin, Sp. Counsel, and Alfred Hill, Atty., Securities and Exchange Commission, both of Washington, D. C., on the brief), for respondent Securities and Exchange Commission in first appeal.

Richard Joyce Smith, of New York City (Whitman, Ransom, Coulson & Goetz and William T. Farley, all of New York City, on the brief in the first appeal; Whitman, Ransom, Coulson & Goetz and Forbes D. Shaw, all of New York City, on the brief in the second appeal), for respondent and defendant-appellee United Corporation in both appeals.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Randolph Phillips, petitioner in the first appeal here and one of the plaintiffs-appellants in the other, is a stockholder in The United Corporation, a public utility holding company registered under the Public Utility Holding Company Act of 1935, 49 Stat. 838, 15 U.S.C.A. § 79. In 1943, the Securities and Exchange Commission, acting under the "death-sentence" provision of that Act, § 11, 15 U.S.C.A. § 79k, ordered that United cease to be a holding company, but withheld a dissolution order, in view of United's expressed intention to become an investment company. Matter of United Corporation, 13 S.E.C. 854. Inequities in its distribution of voting power were, however, to be corrected by recapitalization on a one-stock basis. The Commission added:

"Abandonment of United's present business as a public utility holding company and embarking upon a new type of business, whether that of investment company or any other type of business, involves a drastic change in the activities of the company. Such a change will devote the funds which security holders have invested to a purpose different from that for which they were contributed. It would seem necessary that United should consult its security holders before embarking on such a program. In the light of the existing maldistribution of voting power and for other reasons, we believe no such program would be fair which does not require majority approval either of the present preferred and common stock voting by classes, or of the new common stock, should United choose to recapitalize on a one-stock basis before seeking stockholder approval of the proposed

new venture. The literature soliciting such approval would, of course, be subject to our scrutiny."

A number of steps in compliance with the 1943 order have been taken, with the Commission's approval and over Phillips' objections, and other steps are pending. In Phillips v. Securities and Exchange Commission, 2 Cir., 153 F.2d 27, certiorari denied 328 U.S. 860, 66 S.Ct. 1350, 90 L.Ed. 1630, we affirmed one such step on a petition for review brought by Phillips.

In the first months of 1947, United was ready to present a proposed "Plan for Future Operations" to its stockholders, in order to obtain a preliminary expression of opinion, which it felt was necessary in order to justify "extensive preparations and preliminary arrangements." In this connection, United requested the Commission to modify its 1943 opinion by eliminating the requirement of a favorable vote by a majority of the preferred stockholders, since all of the preferred stock would be retired before the plan could go into effect. It also filed with the Commission its proposed solicitation material for the plan. The literature was submitted for Commission scrutiny both because of the direction in the 1943 opinion and because the Commission's Rule U-62 requires submission when the solicitation is in connection with a transaction which has been the subject of an application filed with the Commission, such as the application for elimination of the voting by preferred stockholders.

In the first appeal here petitioner seeks review of two actions of the Commission not incorporated into formal orders: (1) the action stated in a "Memorandum Opinion" of February 7, 1947, whereby the Commission modified its 1943 opinion to eliminate the requirement of participation by the preferred shareholders in the vote, without conducting a hearing on the plan; and (2) the action stated in a "Minute," dated February 25, 1947, denying petitioner's request for a hearing on the solicitation material submitted and for a rehearing of the first decision. Petitioner does not object to the decision eliminating the voting of the preferred stock in itself; his objection is rather to the Commission's refusal to treat the plan as one for the divestment of control and the simplification of holding company structures under § 11(e) of the Act, 15 U.S.C.A. § 79k(e), or as a reorganization plan or part thereof under § 11(g), 15 U.S.C.A. § 79k(g). The initial question we must decide is whether or not these actions are now reviewable here.

It seems to us apparent that no plan of the form and substance contemplated under the section just cited is before us here. United was merely seeking advice from its stockholders on its future course of action after it should have complied with the Commission's 1943 order and ceased to be a holding company. The result of the vote was not to be binding upon the Commission, even if the expressly reserved authority to order a new vote in the light of changed circumstances should not be exercised. No final determination will be made until a proceeding is instituted, under § 5(d) of the Act, 15 U.S.C.A. § 79e(d), for a declaration by the Commission that United is no longer a holding company. That declaration may be conditioned on performance of such requirements as the Commission may impose at the time.

Hence we find ourselves in substantial agreement with the Commission's position as to the actions it has taken and which the petitioner seeks to bring directly before us for review in the first appeal. We of course agree with the Commission in its concession that the form in which it couched its action is irrelevant beyond showing its own conception of what it had done. It is the substance which must control, and lack of a formal order will not of itself bar review. But since we agree that the actions by the Commission were, as it urges, merely "interpretative, procedural and interlocutory," we must hold that the petitioner's challenge is premature. There will be adequate occasion to review all the preliminary orders of the Commission which may have shaped the final result when the matter of terminating United's existence as a holding company comes up under § 5(d) of the Act. But it would be unfortunate if at so tentative a stage as is

at present disclosed to us it became necessary for an appellate court to interfere with such details as how an advisory vote of stockholders as to a future corporate course not yet at the stage of execution should be taken. It is true that these proceedings have, all too unfortunately, been long drawn out; but we are in no position to appraise the reasons beyond observing the obvious fact that this petitioner has had something to do with that result by his several fruitless efforts to transfer the proceedings to the courts. It is true also —as the proceedings at the stockholders' meeting disclosed in the companion case demonstrate—that petitioner had at that time acquired sufficient following to present rather acute questions to the management. But these very factors all show how much this is a matter for Commission supervision and control, and not for limited and spasmodic appellate intervention. Underlying questions of law may more properly be considered when action approaching some degree of finality has been taken. And this we think is the teaching of the applicable decisions.

■ It is quite well settled that administrative orders under this Act, as well as under others providing similarly for judicial review, are not directly and immediately reviewable in a court of appeals. Eastern Utilities Associates v. Securities and Exchange Commission, 1 Cir., 162 F.2d 385, citing cases. Indeed we have said that "Only final orders of the Commission are subject to review," Okin v. Securities and Exchange Commission, 2 Cir., 143 F.2d 960, 961, citing Jones v. Securities and Exchange Commission, 2 Cir., 79 F.2d 617, 619, and Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 385, 58 S.Ct. 963, 82 L.Ed. 1408. But it is clear that "final" cannot have the significance of the ultimate termination, possibly still several years hence, of all proceedings to secure the ending of United's career as a holding company; thus such decisive and completed steps as we considered in Phillips v. Securities and Exchange Commission, supra, are obviously not within the rule. So in Columbia Broadcasting System v. United States, 316 U.S. 407, 425, 62

S.Ct. 1194, 1204, 86 L.Ed. 1563, the Court held, in reversing D.C.S.D.N.Y., 44 F.Supp. 688: "The ultimate test of reviewability is not to be found in an overrefined technique, but in the need of the review to protect from the irreparable injury threatened in the exceptional case by administrative rulings which attach legal consequences to action taken in advance of other hearings and adjudications that may follow, the results of which the regulations purport to control."

■ That this presents more a rationale than a definite yardstick may perhaps be shown not only by the disagreement of the justices in that Court and the judges in the lower court, not to speak of commentators, e. g., 42 Col.L.Rev. 1197, 56 Harv.L. Rev. 121, but also by petitioner's reliance upon it, as we think erroneously. For there, the Commission's order, though an exercise of its rule-making power, did provide for non-renewal or revocation of licenses of stations having broadcasting contracts containing provisions now proscribed by the Commission; hence it altered the contractual rights of the broadcasting companies, to their possible irreparable injury. In the other cases cited above where review was held unavailing, the administrative action was always at least as, if not more, direct and complete as to the various petitioners as is this as to petitioner here. If he proposes eventually to object to the change of his investment in a holding company (whose existence must be terminated by Congressional mandate) to one in an investment company, he will have plenty of time to voice it, even to an appellate court, when that decisive step is taken.

■ This conclusion determines the main issue involving the advisory vote to be taken by United. There is still the further issue as to the Commission's holding that the material prepared by United for solicitation of proxies satisfies its Rule U-62. But the greater should include the rest; if it is premature for petitioner to complain as to the Commission's reaction to the corporation's proposed vote, it is also premature for him to object to the way the vote is taken or induced. Crooker v. Securities and Exchange Commission, 1

Cir., 161 F.2d 944, refusing review of an order dealing with corrections made in a corporation's registration statement filed with the Commission, has some analogy, though there, too, the order in question appears to have been substantially more decisive than the agency actions now before us. We conclude therefore that the petition for review must be dismissed as showing no reviewable orders.

The second case here arises as a result of the application by Phillips and his brother as stockholders of United for similar relief—after we had refused a stay in connection with the petition for review—by instituting an action in the district court, under § 25 of the Act, 15 U.S.C.A. § 79y, to enjoin the solicitation of proxies from stockholders in support of the plan. The complaint was later amended, after the 1947 annual meeting of the corporation, to include allegations that the meeting had been illegally adjourned and that proxies received between the date of the original meeting and that of the adjourned meeting had been illegally included in the favorable vote. It was also alleged that the management's solicitation material was false and misleading, and that excessive expenditures had been made on solicitation. The directors elected at the adjourned meeting were challenged; but that issue has been rendered moot with the passage of time, for the reasons indicated in the opinion below. Several motions by plaintiffs for temporary injunctions and by defendant for dismissal of the complaint have been denied.

Upon defendant's latest motion for dismissal the court found that two issues remained in the case: (1) the alleged excessive solicitation expenditures, and (2) the alleged illegality of the adjournment. It denied the motion for dismissal, but granted a stay of all proceedings, including pretrial examinations, until a determination by the Commission should be forthcoming in a § 5(d) proceeding under the Act. Plaintiffs then moved to enjoin defendant from taking any further steps toward transforming itself into an investment company, pending the trial of this action. The motion was denied, and plaintiffs have appealed from the stay order and the denial of their motion for an injunction.

■■ But the stay order is clearly not appealable. It falls squarely within the prohibition of Beckhardt v. National Power & Light Co., 2 Cir., 164 F.2d 199, and cases cited, as merely an interlocutory order stating what the court proposes to do and revocable at any time by it. See also Federal Rules of Civil Procedure, rule 54 (b) as amended, 28 U.S.C.A.; City of Morgantown, W. Va. v. Royal Ins. Co., 4 Cir., 169 F.2d 713. Nor should plaintiffs be permitted to accomplish their end indirectly by means of the injunction once more sought in the same action. This appears to be their fourth attempt to seek essentially the same relief of stay of all proceedings by the defendant. No appeal was taken from the earlier refusals to grant the relief. It is now too late to complain of the denial of injunctive relief under the statute allowing interlocutory appeals therefrom, and the attempt to extend the time of appeal by a renewed application must therefore fail. Marine Midland Trust Co. of New York v. Eybro Corp., 2 Cir., 58 F.2d 165, 167, 168.

Both the petition for review of orders of the Commission and the appeal from orders of the district court are therefore dismissed.