**ABERDEEN HOSIERY MILLS CO., Inc. et al. v. KAUFMAN et al.**

United States District Court
S. D. New York.

April 27, 1953.

Darby & Darby, New York City, for plaintiffs.

Theodore L. Harrison and Hardy, Stancliffe & Hardy, New York City, for Julius Kayser & Co.

Harold L. Glasser, New York City, for Chas. A. Kaufman, Standard Hosiery Mills, Inc. and Elaine K. Mark.

Milton N. Scofield and Stroock & Stroock & Lavan, New York City, for Chester H. Roth Co., Inc.

Joseph G. Denny, Jr., Philadelphia, Pa., of counsel, for defendants.

NOONAN, District Judge.

This is a motion by plaintiffs to dismiss the argued cause of action set forth in paragraphs 8 to 17, inclusive, of the counterclaim, for lack of jurisdiction.

The question presented is whether the charges in the counterclaim, dealing with interference with contract, champerty, maintenance and so forth, are within the jurisdiction of this court in a case arising under the patent laws, in the absence of diversity of citizenship of the parties and of allegations of the requisite jurisdictional amount.

It appears that the complaint raises the issue of infringement by each plaintiff. It further appears that the counterclaim in question raises the issue of infringement by plaintiffs regardless of the form in which such alleged infringement may have occurred. In any event, I am satisfied that in the absence of defendants' patent and the plaintiffs' alleged acts, irrespective of the nomenclature applied thereto, neither party would have any grievance against the other.

The Federal Courts have always deemed that their statutory jurisdiction is implemented by an ancillary jurisdiction lacking expressed statutory authorization. Such jurisdiction is based on the theory that it is essential to the independence and self-sufficiency of the Federal Courts. See

834

Silberg, Ancillary Jurisdiction In The Federal Courts, 12 J. Air L. 288 (1941), quoted in Forrester, Federal Jurisdiction and Procedure (1950), p. 291.

■ A pleading may state as a counterclaim any claim by one party against the adverse party arising out of the transaction or occurrence that is the subject matter of the original action, or relating to any property that is the subject matter of the original action.

■ Under earlier practice, counter claims and cross claims were all lumped together as cross-bills. 3 Moore's Federal Practice Par. 1334, p. 93 (2d Ed. 1948). However, Rules 13 and 14 of the Federal Rules of Civil Procedure now distinguish between them. Rule 13(a) and Rule 13(b) refer to compulsory and permissive counterclaims respectively. It is well-settled that a compulsory counterclaim need not have a ground for Federal Court jurisdiction independent of that of the main claim. 3 Ohlinger's Federal Practice pp. 249, 250; 3 Moore's Federal Practice, par. 13.19, p. 53 (2d Ed.1948).

■ The theory of this rule is that a compulsory counterclaim is ancillary to the main claim, while a permissive counterclaim is not. Since the test of a compulsory counterclaim is whether or not it arises out of the transaction or occurrence that is the subject matter of the main claim, it is evident that any claim which arises out of the transaction or occurrence that is the subject matter of the main claim is regarded by the courts as being ancillary to the main claim and will be supported for Federal Court jurisdictional purposes by Federal Court jurisdiction of the main claim. The word "transaction" is a word of flexible meaning, comprehending a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750.

■ In the present case, the acts alleged in paragraphs 8 to 17 inclusive, of the counterclaim would appear to relate to property that is the subject matter of the

complaint and to arise out of transactions or occurrences that form the subject matter of the plaintiff's claims.

The motion to dismiss for lack of jurisdiction is accordingly denied. Settle order on notice.