Bronislaw **CIECHANOWICZ,**
Plaintiff,

v.

The **BOWERY SAVINGS BANK,** Defendant,

and

Artemy **Yachnik, individually and as Administrator of the Estate of Emilja Ciechanowicz, deceased, Interpleaded Defendant.**

United States District Court
S. D. New York.

Jan. 24, 1956.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff.

Cadwalader, Wickersham & Taft, New York City, for defendant.

Vincent M. Albanese, Jamaica, N. Y., for interpleader-defendant.

WALSH, District Judge.

 Plaintiff, a citizen of the U. S. S. R., claiming to be the named bene-

ficiary of a Totten trust, has brought this action to recover the fund in the hands of the defendant bank. Defendant, a New York citizen, wishes to interplead with plaintiff another claimant, one Artemy Yachnik, also a New York citizen, and to assert defenses against both. It moves, under F.R.C.P. rule 13 (h), 28 U.S.C.A. to add the second claimant, as a party defendant, and under F.R.C.P. 22(1) to interplead him and the present plaintiff. The motion is granted.

Plaintiff opposes, claiming that John Hancock Mut. Life Ins. Co. v. Kraft, 2 Cir., 200 F.2d 952, 953; Kerrigan's Estate v. Joseph E. Seagram & Sons, 3 Cir., 199 F.2d 694, 697, which held that an action for interpleader might be brought under Rule 22 if there was diversity between stakeholder and claimant, are authority for the converse; that there may be an interpleader only if there is such diversity.

These cases are not authority for such a proposition where it is ancillary to an action properly founded upon diversity of citizenship, an action for interpleader may be brought in a federal court even though co-citizenship of parties plaintiff and defendant would have otherwise defeated federal jurisdiction. Sherman Nat. Bank v. Shubert Theatrical Co., D.C.S.D.N.Y., 238 F. 225, 228, affirmed 2 Cir., 247 F. 256; Walmac Co. v. Isaacs, 1 Cir., 220 F.2d 108, 113; See also Marine Midland Trust Co. of New York v. Irving Trust Co., D.C.S.D.N.Y., 56 F.2d 385, 387; Republic of China v. American Express Co., 2 Cir., 195 F.2d 230, 234; Harris v. Travelers Ins. Co., D.C.E.D.Pa., 40 F.Supp. 154, 156.

Further, defendant's prayer for interpleader is a compulsory counterclaim. F.R.C.P. 13(a). It arises out of the same subject matter as plaintiff's claim. See Republic of China v. American Express Co., supra., 195 F.2d at pages 233–234. Accordingly, it requires no independent basis of federal jurisdiction. Moore v. New York Cotton Exchange, 270 U.S. 593, 609–611, 46 S.Ct. 367, 70 L.Ed. 750;

United States, to Use and for Benefit of Foster Wheeler Corporation v. American Surety Co. of New York, D.C.E.D.N.Y., 25 F.Supp. 700, 702, affirmed, 2 Cir., 142 F.2d 726, 728; Aberdeen Hosiery Mills Co., Inc., v. Kaufman, D.C.S.D.N.Y., 113 F.Supp. 833, 834. In such cases a new party may be added without requiring diversity between him and the counterclaimant. United Artists Corp. v. Masterpiece Productions, 2 Cir., 221 F.2d 213, 216–217, held joinder of a co-citizen of defendant a proper incident to a common-law compulsory counterclaim to an action for copyright infringement. It cited with approval Carter Oil Co. v. Wood, D.C.E.D.Ill., 30 F.Supp. 875, 877, which reached the same conclusion in a case, like the present one, where original jurisdiction was based on diversity.

Plaintiff relies on Isaacs v. Walmac Co., D.C.R.I., 15 F.R.D. 341, but this holding was impliedly reversed by Walmac Co. v. Isaacs, supra, 220 F.2d 108, 113.

Motion granted.